753 So.2d 749 (2000)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Manuel CHAMIZO, Respondent.
No. 3D99-1853.
District Court of Appeal of Florida, Third District.
March 22, 2000.
*750 Enoch J. Whitney, General Counsel, and Kathy A. Jimenez, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, for petitioner.
Michael A. Catalano, Miami, for respondent.
Before COPE and SORONDO, JJ., and NESBITT, Senior Judge.

On Motion for Rehearing and Clarification
COPE, J.
On consideration of the defendant-respondent's motion for rehearing and clarification, we withdraw the ruling issued on January 19, 2000, and substitute the following opinion.
The Department of Highway Safety and Motor Vehicles petitions for a writ of certiorari seeking to quash a decision of the circuit court sitting in its appellate capacity. We grant the petition.

I.
Defendant-respondent Manuel Chamizo was arrested for driving under the influence of alcohol. At the police station he submitted to a breathalyzer test which resulted in readings of .163/.187/.180, all well above the legal limit of .08. See § 322.2615(1)(a), Fla. Stat. (1997). Under the statute, these breath readings result in an automatic driver's license suspension, but the driver is entitled to a hearing before a hearing officer to determine "whether sufficient cause exists to sustain, amend, or invalidate the suspension." Id. § 322.2615(7). The arresting officer testified at the hearing and the hearing officer upheld the drivers license suspension.
On certiorari review, the circuit court upheld the hearing officer's finding that there was probable cause for the traffic stop in this case and rejected defendant's argument to the contrary. The circuit court overturned the suspension, however, because the hearing officer quashed the subpoena for one of the two police officers involved in the arrest and subsequent breathalyzer testing. The Department has petitioned for certiorari, contending that the circuit court departed from the essential requirements of law.

*751 II.
The defendant requested a formal hearing and served subpoenas on Officer Smith, who was the arresting officer, and Officer Perez, the backup officer who arrived at the scene after the traffic stop had already been made.
Under the applicable statute, the suspension will be upheld if (1) there was probable cause to believe that the person was driving under the influence of alcoholic beverages; (2) the person was placed under lawful arrest for a violation of section 316.193, Florida Statutes; and (3) the person had an unlawful blood alcohol level. See id. § 322.2615(7)(a).
At the hearing Officer Smith appeared but Officer Perez did not. Officer Smith testified that he made the traffic stop, and that he was thereafter joined by Officer Perez. Defendant was arrested for driving under the influence and was transported to the police station. There Officer Perez stayed with defendant during a twenty-minute observation period associated with breathalyzer testing. The arrest form was signed by both officers and was introduced into evidence.
The defense[1] requested that the proceedings be continued because Officer Perez was not present. The hearing officer requested a proffer of the matters to be testified to. Defense counsel explained that Officer Perez had an opportunity to observe the defendant and speak with him at the station. Counsel proffered that Officer Perez would say the defendant had been rude to Officer Smith, and that the defendant had a conversation with Officer Perez about the breath test.[2] The defense did not state what the substance of the conversation about the breathalyzer test would be, nor was there any proffer relating to the roadside sobriety test. The hearing officer declined to continue the hearing and quashed the subpoena for Officer Perez.
We conclude that, based on the proffer, there was no reason for the hearing officer to continue the hearing. At the station, the defendant's breath test readings were.163/.187/.180, well above the legal limit. There is nothing in the defense proffer which casts any doubt on the reliability of the breath test results. The defense only said that there had been a conversation between the defendant and Officer Perez about the breath test, but there was no indication of the substance of that conversation. There was no proffer relating to the roadside sobriety tests.
The defendant points out that there is no prehearing discovery, and argues that this limits the ability of counsel to make a proffer. While it is true there is no prehearing discovery it is also true that counsel will have the client's version of events, the pertinent documents, and conceivably *752 other investigative results. While the requirement for a proffer must be flexibly applied, there is no indication here that Officer Perez' testimony would be anything other than cumulative.[3]

III.
On certiorari review in the circuit court, the circuit panel concluded that the hearing officer had erred by quashing the subpoena for Officer Perez. The circuit panel summarily set aside the driver's license suspension. This was error.
Where the hearing officer makes a harmful trial error, the remedy is to send the matter back for a new hearing. Where the hearing officer makes an error but the error is harmless, the circuit court should affirm. See §§ 924.051(7), 924.33, Fla. Stat. (1999); Goodwin v. State, 751 So.2d 537 (Fla.1999).
We are inclined to think that once the continuance was denied, there was no error in quashing the subpoena, but we need not now decide the point. Assuming it was error to quash the subpoena, the error was harmless.
We quash the decision of the circuit court and reinstate the driver's license suspension.
Certiorari granted.[4]
NOTES
[1] Defense counsel appeared on behalf of defendant, who did not personally attend the hearing.
[2] The transcript reflects:

Hearing Officer: Proffer for the record why you feel she is a critical witness.
Defense Counsel: Because discussions my client had with her briefly, see there was an unfortunate circumstance here, you know we are all on friendly terms, we've known each other for years. Unfortunately my client had to stick his foot in his mouth and say something like, do you have a grudge against DUI's and Danny told him well yeah, and the subject came up and my client felt guilty and apologized and my client was apparently rude to Officer Smith and apologized but there was discussion between my client and Officer Perez after, from what my client told me, after Officer Smith wasn't around as a follow up to this and it was about the breath test and therefore I have a right to subpoena the witness because my client has a right to remain silent and I don't want him testifying up until time of trial because it could be held against him. That's why I subpoenaed Officer Perez and that's why she was involved with everything in this case. I have a right to cross examine and confront her as an accuser. For those reasons, I ask we do the two day hold and then I move to set aside the suspension pursuant to my prehearing statement....
[3] This is also not a case in which two or more witnesses disagreed on a material fact issue, and the non-appearing officer could testify as to the disputed events. Here the only witness who testified was Officer Smith.
[4] In light of the foregoing, the motion for rehearing and clarification is denied.