997 So.2d 1172 (2008)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Ovadia Roni ELIAS, Appellee.
No. 3D07-3347.
District Court of Appeal of Florida, Third District.
December 17, 2008.
Robin Lotane, General Counsel, and Jason Helfant, Assistant General Counsel, for appellant.
Robert S. Reiff, for appellee.
Before RAMIREZ, WELLS, and LAGOA, JJ.
WELLS, Judge.
The Department of Highway Safety and Motor Vehicles appeals from an order requiring a department hearing officer to issue a subpoena in an administrative license suspension proceeding. Because the lower court lacked jurisdiction to take such action, we reverse.
*1173 On April 10, 2007, Ovadia Roni Elias was arrested for driving under the influence, having performed poorly on a field sobriety test and having yielded a breath alcohol level of .123 on a breath test. His driving privileges were immediately suspended as required by section 322.2615, Florida Statutes (2007), following which he requested a formal review before a Department hearing officer. Prior to the hearing, Elias asked the hearing officer to issue subpoenas for Officers Dominguez, Garcia and Millan of the Miami Beach Police Department. The request was granted as to Officers Dominguez and Garcia, but denied as to Officer Millan.
At the formal review hearing, Elias renewed his request for a subpoena for Officer Millan. Although the request was denied, the hearing officer agreed to delay a final ruling on the license suspension to permit Elias to challenge the denial in the circuit court. Elias thereafter sought relief in the circuit court via a motion titled, "Motion to Enforce the Issuance of his Subpoena on Officer Kevin Millan." The Department moved to dismiss arguing, as pertinent here, that there was no subpoena to enforce because one had never been issued, and that the only method for challenging the hearing officer's refusal to issue a subpoena for Officer Millan was by petition for writ of certiorari to the appellate division of the circuit court.[1]
On December 6, 2007, the circuit court entered an order granting Elias' motion to enforce, compelling the hearing officer to issue a subpoena for Officer Millan to appear at a new hearing:
ORDERED AND ADJUDGED, that the Plaintiff's Motion is GRANTED and this Court hereby compels Hearing Officer Frank Gonzalez ... to issue a subpoena to Officer Kevin Millan for his appearance at a formal hearing to be scheduled within thirty (30) days of today's date.
(Emphasis added).
We reverse this order because the court below lacked jurisdiction to issue it. As section 322.2615 expressly provides, circuit courts are authorized to enforce or compel compliance with subpoenas issued by a Department hearing officer in license suspension review proceedings; they are not, however, authorized to issue subpoenas in these proceedings:
(6)(a) If the person whose license was suspended requests a formal review, the department must schedule a hearing....
(b) Such formal review hearing shall be held before a hearing officer employed by the [D]epartment [of Highway Safety and Motor Vehicles], and the hearing officer shall be authorized to administer oaths, examine witnesses and take testimony, receive relevant evidence, issue subpoenas for the officers and witnesses identified in documents in subsection (2), regulate the course and conduct of the hearing, question witnesses, and make a ruling on the suspension....
(c) A party may seek enforcement of a subpoena under paragraph (b) by filing a petition for enforcement in the circuit court of the judicial circuit in which the person failing to comply with the subpoena resides....
§ 322.2615(6)(a)-(c), Fla. Stat. (2007) (emphasis added); see also § 322.01(13), Fla. Stat. (2007) (defining the term "Department" as used in chapter 322 as the Department *1174 of Highway Safety and Motor Vehicles).
Because no subpoena had been issued to Officer Millan by the Department's hearing officer, there was nothing for the circuit court to enforce. It was, therefore, without jurisdiction to act on Elias' request.
This does not mean that Elias was without recourse. Section 322.31, Florida Statutes (2007), expressly provides for certiorari review in the appellate division of the circuit court of "final orders and rulings of the department wherein any person is denied a license, or where such license has been ... suspended." This section provides the mechanism for testing the propriety of a denial of a subpoena request. See Tynan v. Dep't of Highway Safety & Motor Vehicles, 909 So.2d 991, 993-94 (Fla. 5th DCA 2005) (confirming that certiorari review is the appropriate mechanism to review an order denying issuance of a subpoena by a department hearing officer); accord State, Dep't of Highway Safety & Motor Vehicles v. Chamizo, 753 So.2d 749, 752 (Fla. 3d DCA 2000) (noting that certiorari review before a circuit court appellate panel is the proper method for challenging the hearing officer's decision to quash a subpoena at a license suspension hearing after the witness failed to appear). Elias' failure to seek such review precludes further consideration of this issue.
The order on appeal compelling the hearing officer to issue a subpoena to Officer Millan for his appearance at a new hearing is, therefore, reversed, with instructions to reinstate the hearing officer's final suspension ruling.
Reversed and remanded with instructions.
NOTES
[1] In the meantime, while this motion was pending, a final order upholding suspension of Elias' driving privileges was issued.