SAWAYA, J.
 

 The Department of Highway Safety and Motor Vehicles petitions for a writ of cer-tiorari, asking this court to review the circuit court’s certiorari opinion quashing the administrative hearing officer’s order that sustained the suspension of Daniel Icaza’s driver’s license under section 322.2615, Florida Statutes. The basis for the suspension was Icaza’s refusal to submit to a breath-alcohol test. We grant the writ.
 

 Daniel Icaza crossed solid double yellow lines to pass another vehicle. Unfortunately for Icaza, the other vehicle was a police car. The officer stopped Icaza and observed that his eyes were bloodshot, watery, and glassy; he staggered; his speech was slow and thick-tongued; and the odor of alcohol was on his breath. Icaza was placed under arrest for driving under the influence of alcohol. The Implied Consent Law was read to Icaza, who then refused to submit to a breath test.
 
 [1]
 
 Consequently, the officer, on behalf of the Department, suspended Icaza’s license pursuant to section 322.2615(l)(a), Florida Statutes (2007). Icaza invoked his right to formal review of that suspension under section 322.2615(l)(b)(3), and the subsequent administrative hearing resulted in an order dated October 5, 2007, that sustained the suspension. We emphasize at this juncture that the provisions of the 2007 version of section 322.2615 did not require the hearing officer to address the issue of the lawfulness of the arrest because the 2006 amendment of that statute had deleted that requirement. Hence, the hearing officer did not address that issue at the administrative hearing.
 

 Icaza then sought certiorari review by the circuit court, which granted certiorari and quashed the suspension order. The circuit court held that there was not substantial competent evidence to support the suspension because the Department failed to produce evidence regarding the lawfulness of the arrest in accordance with this court’s decision in
 
 Department of Highway Safety & Motor Vehicles v. Pelham,
 
 979 So.2d 304, 305 (Fla. 5th DCA),
 
 review denied,
 
 984 So.2d 519 (Fla.2008). In
 
 Pel-ham,
 
 which was not rendered until after Icaza petitioned for review in the circuit court, this court reasoned that despite the 2006 amendment, section 322.2615 had to be read in pari materia with the provisions of section 316.1923, Florida Statutes (2007), and that any refusal to take a breath-alcohol test had to be “incidental to a lawful arrest.” Hence,
 
 Pelham
 
 holds that the lawfulness of the arrest is an issue that must be addressed at the administrative hearing in order to sustain a driver’s license suspension under section 322.2615. We note that the First District Court, in
 
 Hernandez v. Department of Highway Safety & Motor Vehicles,
 
 995 So.2d 1077
 
 *311
 
 (Fla. 1st DCA 2008), agreed with
 
 Pelham,
 
 but that the Second District Court, in
 
 McLaughlin v. Department of Highway Safety & Motor Vehicles,
 
 2 So.3d 988 (Fla. 2d DCA 2008), reached the contrary conclusion and certified conflict with
 
 Pelham
 
 regarding the “lawful arrest” issue. The Florida Supreme Court granted review of
 
 Hernandez
 
 and
 
 McLaughlin
 
 in
 
 Florida Department of Highway Safety & Motor Vehicles v. Hernandez,
 
 4 So.3d 676 (Fla.2009), to resolve the conflict and address the issue, which it considers to be a matter of great public importance.
 

 After
 
 Pelham
 
 was rendered and before the circuit court issued its ruling, the Department requested that the instant case be remanded to the hearing officer so the issue of the lawfulness of the arrest could be addressed in accordance with Pelham.
 
 [2]
 
 The circuit court refused that request and rendered the opinion that we now review, which incorrectly applied the 2005 outdated, materially different, version of section 322.2615 to Icaza’s August 2007 offense. The Department now asks this court to exercise second-tier certiorari review.
 

 A party seeking review of a circuit court’s appellate order on a petition for writ of certiorari must petition the district court for a writ of certiorari.
 
 See Wingate v. Dep’t of Highway Safety & Motor Vehicles,
 
 442 So.2d 1023, 1024 (Fla. 5th DCA 1983). Therefore, this petition is properly before us.
 
 See
 
 Fla. RApp. P. 9.030(b)(2)(B);
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 530 (Fla.1995). However, it is well-established that this court has a narrow scope of review:
 

 Our inquiry on this second-tier certiorari review, however, is limited to whether the circuit court afforded procedural due process, and whether the circuit court applied the correct law.
 
 See Haines City; Department of Highway Safety & Motor Vehicles v. Perry,
 
 751 So.2d 1277, 1279 (Fla. 5th DCA 2000);
 
 Conahan v. Department of Highway Safety & Motor Vehicles,
 
 619 So.2d 988 (Fla. 5th DCA 1993).
 

 Dep’t of Highway Safety & Motor Vehicles v. Patrick,
 
 895 So.2d 1131, 1133-34 (Fla. 5th DCA 2005);
 
 see Tynan v. Dep’t of Highway Safety & Motor Vehicles,
 
 909 So.2d 991, 995 (Fla. 5th DCA 2005).
 

 The Department’s petition for writ of certiorari fits within this narrow scope of review. Florida’s District Courts of Appeal, including this court in
 
 Pelham,
 
 have consistently granted certiorari review to petitioners challenging their driver’s license suspensions by attacking the legality of their DUI arrests.
 
 See, e.g., Hofer
 
 (granting certiorari because circuit court appellate decision applying incorrect law had precedential value and would result in the repetition of the same error in other driver’s licenses suspension proceedings);
 
 see also State Farm Fla. Ins. Co. v. Lorenzo,
 
 969 So.2d 393, 398 (Fla. 5th DCA 2007) (noting that circuit court’s “error could have a pervasive, widespread effect in other proceedings”).
 

 Having determined that the petition is properly before us, we turn now to the Department’s argument therein that the circuit court applied the wrong law in refusing to remand the case to the hearing officer to make a determination regarding the lawfulness of the arrest. Despite the fact that the circuit court applied the outdated 2005 version of section 322.2615, it arrived at the correct conclusion under
 
 Pelham
 
 when it held that the lawfulness of the arrest is an issue that must be addressed. Our holding in
 
 Pelham
 
 does not conclude the matter, however, because
 
 *312
 

 Pelham
 
 did not involve the issue of remand.
 

 We conclude that the circuit court applied the wrong law when it refused to remand the case to the hearing officer.
 
 See Lillyman v. Dep’t of Highway Safety & Motor Vehicles,
 
 645 So.2d 113, 114 (Fla. 5th DCA 1994);
 
 see also Dep’t of Highway Safety & Motor Vehicles v. Chamizo,
 
 753 So.2d 749, 752 (Fla. 3d DCA 2000). Because the hearing officer did not have the benefit of
 
 Pelham,
 
 he relied on the provisions of section 322.2615(7), which limits the scope of review to enumerated issues that do not include the lawfulness of the arrest. Therefore, the Department did not address that issue at the hearing. After
 
 Pelham
 
 was rendered, the Department sought remand so it could have the opportunity to comply with that decision, but its motion was denied. Every party should have a fair opportunity to be heard, and under the circumstances of this case, the Department was deprived of that opportunity and denied procedural due process.
 
 See Keys Citizens for Responsible Gov’t, Inc. v. Fla. Keys Aqueduct Auth.,
 
 795 So.2d 940, 948 (Fla.2001) (“Procedural due process requires both fair notice and a real opportunity to be heard.”).
 

 Accordingly, we grant the Department’s petition for writ of certiorari and quash the circuit court’s opinion. However, because
 
 Pelham
 
 requires consideration of the issue of the lawfulness of the arrest and in light of the fact that the Florida Supreme Court has decided to address the issue, we stay our mandate until the supreme court renders its decision.
 

 CERTIORARI GRANTED; MANDATE STAYED.
 

 PALMER and ORFINGER, JJ., concur.
 

 [1]
 

 . Among the documents submitted by the arresting officer are the DUI citation, the charging affidavit, and the refusal affidavit.
 

 [2]
 

 . Unlike the situation in
 
 Pelham,
 
 979 So.2d at 305 n. 1, in the instant case, the Department preserved the .issue of whether the case should be remanded to the hearing officer by filing a motion to abate and remand in the lower court.