EVANDER, J.
 

 Petitioner, Department of Highway Safety and Motor Vehicles (DHSMV), seeks second-tier certiorari review of a decision of the circuit court sitting in its appellate capacity pursuant to section 322.2615(13), Florida Statutes (2008). The circuit court granted Respondent Michelle Auster’s petition for writ of certiorari and quashed an order of the DHSMV hearing officer which had upheld the suspension of
 
 *803
 
 Auster’s driver’s license for refusal to submit to a breath test. In doing so, the circuit court determined that the hearing officer had departed from the essential requirements of law and had denied Aus-ter due process by refusing to issue a subpoena for the breath test technician. Although we disagree with the circuit court’s analysis, we agree with the ultimate conclusion and deny DHSMV’s petition.
 

 Auster was arrested for the offense of driving under the influence on July 29, 2008. Her driver’s license was subsequently suspended pursuant to section 322.2615(l)(a) for refusal to submit to a test of her breath-alcohol level. Auster requested a formal review hearing, which was held on August 27, 2008.
 

 Prior to the hearing, Auster requested the hearing officer issue a subpoena for breath technician Osvaldo Caner. The request was denied. At the onset of her hearing, Auster renewed her request for the issuance of a subpoena arguing,
 
 inter alia,
 
 that she wished to examine Caner on the issue of whether Auster had timely recanted her refusal to submit to a breath test. Without providing any explanation, the hearing officer again denied Auster’s request.
 

 After reviewing the DUI citation, the arrest affidavit, the DUI work sheet, and the “refusal to submit” affidavit submitted by the arresting officer, the hearing officer entered an order upholding the suspension of Auster’s driver’s license. The hearing officer found that 1) the arresting officer had probable cause to believe that Auster was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages or chemical or controlled substance, 2) Auster refused to submit to a breath test after being requested to do so by a law enforcement officer subsequent to a lawful arrest, and 3) Auster had been advised that if she refused to submit to such test her privilege to operate a motor vehicle would be suspended for a period of one year or, in the case of a second or subsequent refusal, for a period of eighteen months.
 

 In quashing the hearing officer’s order, the circuit court erroneously asserted that in
 
 Dep’t of Highway Safety
 
 &
 
 Motor Vehicles v. Amodeo,
 
 711 So.2d 148 (Fla. 5th DCA 1998), our court had “squarely and unequivocally held that a hearing officer has absolutely no discretion whatsoever to refuse to issue a subpoena for a fact witness to attend a formal driver’s license suspension hearing.” In fact, our
 
 Amodeo
 
 decision was simply a denial, without a written opinion, of a petition for writ of certiorari brought by DHSMV.
 
 [1]
 
 As such, it had no precedential value.
 
 Dep’t of Legal Affairs v. Dist. Court of Appeal, 5th Dist.,
 
 434 So.2d 310 (Fla.1983).
 

 We do agree, however, with the circuit court’s conclusion that it was error for the hearing officer to refuse to issue the requested subpoena. A hearing officer is expressly authorized to issue subpoenas for officers and witnesses identified in the documents submitted by a law enforcement officer pursuant to section 322.2615(2).
 
 See
 
 § 322.2615(6)00, Fla. Stat. (2008). Here, Caner was identified in
 
 *804
 
 these documents.
 
 [2]
 
 Furthermore, according to DHSMV’s own rules, the procedural due process rights afforded a driver seeking formal review of a license suspension under section 322.2615 include “the right to present evidence relevant to the issues, to cross-examine opposing witnesses, to impeach any witness, and to rebut the evidence presented against the driver.”
 
 See
 
 Fla. Admin. Code R. 15A-6.013(5). The question of whether Auster timely rescinded her refusal to submit to a breath test is a relevant issue.
 
 See, e.g., Larmer v. Dep’t of Highway Safety & Motor Vehicles,
 
 522 So.2d 941 (Fla. 4th DCA 1988) (defendant could, after refusing to take breath test, rescind that decision and avoid penalties for refusal where defendant’s retraction of initial refusal came moments after refusal while defendant was continuously in presence of police officers and in circumstances where no inconvenience would result by permitting defendant immediately thereafter to take test).
 

 DHSMV cites to
 
 Dep’t of Highway Safety & Motor Vehicles v. Chamizo,
 
 753 So.2d 749 (Fla. 3d DCA 2000), for the proposition that the hearing officer has the discretion to grant or deny a request for the issuance of a subpoena. In
 
 Chamizo,
 
 the defendant submitted to a breath test and the result reflected a breath-alcohol level well above the legal limit. The defendant unsuccessfully requested the issuance of a subpoena for Officer Perez, a backup officer who had arrived at the scene after the traffic stop had already been made. In explaining the purported need for Perez’ testimony, the defendant proffered that Perez would testify regarding the issues of whether the defendant had been rude to the arresting police officer and whether there had been a conversation between Perez and the defendant regarding the breath test. The proffered testimony appeared to be irrelevant to the issues that would be within the limited scope of Chamizo’s formal review hearing; to wit:
 

 1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substances.
 

 2. Whether the person whose license was suspended had an unlawful blood-alcohol level or breath-alcohol level of 0.08 or higher as provided in section 316.193.
 

 § 322.2615(7)(a), Fla. Stat. (2008). The
 
 Chamizo
 
 court went on to say that although it was “inclined to think ... there was no error in quashing the subpoena ... we need not now decide the point. Assuming it was error to quash the subpoena, the error was harmless.”
 
 Chamizo,
 
 753 So.2d at 752.
 

 We agree with the general proposition that a hearing officer has discretion to grant or deny a subpoena request. However, that discretion is limited. Where the witness’ expected testimony would be relevant to the issues within the limited scope of the review hearing and would not be clearly cumulative, due process considerations require the hearing officer to issue a subpoena if the hearing officer has the authority to do so.
 

 Unlike
 
 Chamizo,
 
 the instant case involves a defendant alleged to have refused to take a breath test. Thus, pursuant to
 
 *805
 
 section 322.2615(7)(b), the scope of review was limited to the issues of:
 

 1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substances.
 

 2. Whether the person whose license was suspended refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
 

 3. Whether the person whose license was suspended was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
 

 Auster wished to examine the breath technician on an issue clearly within the scope of the review hearing. Furthermore, the hearing officer could not have concluded from the record before him that the breath technician’s testimony would be cumulative. Accordingly, Auster should have been afforded the opportunity to present the witness’ testimony.
 

 Petition for Writ of Certiorari is DENIED.
 

 COHEN and JACOBUS, JJ., concur.
 

 [1]
 

 . The extent of our published decision in
 
 Am-odeo
 
 was as follows:
 

 The respondent's motion for rehearing is granted. The opinion dated February 27, 1998, is withdrawn and the decision of the circuit court is affirmed.
 

 Because
 
 Amodeo
 
 involved a second-tier petition to our court, the petition should have been “denied” as opposed to the lower court's decision being "affirmed.”
 

 [2]
 

 . Although unnecessary to the resolution of the instant case, we agree with our sister court's holding in
 
 Lee v. Department of Highway Safety & Motor Vehicles, 4
 
 So.3d 754 (Fla. 1st DCA 2009) that section 322.2615(6)(b) does not limit a hearing officer's authority to issue subpoenas to only those witnesses identified in documents named in subsection (2).