GRIFFIN, J.
Petitioner, Department of Highway Safety and Motor Vehicles [“Department”], seeks certiorari review of the decision of the Circuit Court for the Ninth Judicial Circuit, entered while sitting in its appellate capacity, that granted Respondent, Randall Corcoran’s [“Corcoran”] first-tier petition for writ of certiorari, thereby quashing a Department hearing officer’s final order suspending Corcoran’s driver’s license. For the reasons that follow, we grant the petition and quash the circuit court’s order.
On June 17, 2012, at approximately 2:04 a.m., Officer Raymond Link pace-clocked and subsequently conducted a traffic stop on a vehicle traveling 60 mph in a posted 45 mph speed zone. Officer Link approached the vehicle and advised the sole occupant, Corcoran, of his reason for making the stop. Corcoran was unable to provide either his vehicle registration or his proof of insurance. Officer Link observed signs of impairment while speaking to Corcoran; his eyes were red and glassy and there was a strong odor of alcohol. Corcoran stated that he was coming from a restaurant where he had two glasses of white wine and that he had been to a concert at the Amway Center, where he had one beer. Officer Link conducted field sobriety exercises and, based on his observation of Corcoran’s performance, determined that Corcoran’s faculties were impaired and that he was in no condition to safely continue the operation of a motor vehicle.[1]
Corcoran was placed under arrest for DUI and taken to the Seminole County Jail. At the jail, Officer Link read Corcor-an his implied consent warning. During this reading, Seminole County breath test operator [“BTO”], Keith Betham, was present. Corcoran subsequently refused to provide a breath test sample. Corcor-an’s driver’s license was administratively suspended for twelve months, based on his refusal to submit to a breath test.
Corcoran subsequently invoked his right to a formal administrative review hearing. In preparation for the hearing, Corcoran *618 served subpoenas to appear on Officer Link and BTO Betham.
The formal administrative review hearing took place on July 23, 2012. Corcoran (who was not present) was represented by his attorney, Matthew Ferry. At the outset of the hearing, the hearing officer admitted the following documents into the record:
DDL-1: Florida Uniform Traffic Citation
DDL-2: Respondent’s driver’s license
DDL-3: Certified transcript of Respondent’s driving record
DDL-4: Orange County Arrest Affidavit, authored by Officer Link
DDL-5: Maitland Police Department Supplement Report, authored by Officer Anderson
DDL-6: Affidavit of Refusal to submit to a breath test, authored by Officer Link and notarized by BTO Betham
After these documents were introduced into the record, Officer Link appeared at the hearing and provided testimony consistent with the statement of facts above.
After Officer Link testified, the following pertinent dialogue occurred between Corcoran’s counsel and the hearing officer:
MR. FERRY: I provide the Hearing Officer with an Affidavit of Service for Mr. Betham and also notice to the state attorney’s office.
* * * *
HEARING OFFICER: The time is 1:32. There is no [sic] additional witnesses. I have checked the absenteeism log and there was no prior excuse provided by Keith Betham.
Counsel, as you know, the witness does have two business days to provide just cause of his non-presence.
Would you like to proffer for the record the purpose of this witness?
MR. FERRY: Yes. Based on the testimony of Officer Link, Mr. Betham was present for the reading of the implied consent warnings and also for the observations of Mr. Corcoran at the Seminole County Jail.
HEARING OFFICER: Okay. His only involvement was being present. I don’t find the patient — I mean, the witness to be relevant at this point based on the refusal. Do you have any other motions?
At the conclusion of the hearing, Corcor-an’s counsel made the following motion:
MR. FERRY: The last motion is a motion to invalidate based on Keith Bet-ham’s failure to appear. Understanding that the hearing officer has made a ruling that Mr. Betham’s testimony is not relevant. It’s our position that Mr. Bet-ham’s testimony is relevant. And that he was present for the observations of Mr. Corcoran during the 20-minute observation, also for the reading of the implied consent warnings.
And it’s our position that his unexcused failure to appear today has deprived Mr. Corcoran of a meaningful formal review hearing.
In support of that position I provide the Hearing Officer with Department of Highway Safety and Motor Vehicles versus Robinson. It’s a 2nd DCA case from 2012 which indicates that we’re not required to enforce a subpoena for Mr. Betham’s testimony. I provide the Robinson decision to the Hearing Officer. No further motions.
HEARING OFFICER: Okay. Counsel, your motions are denied.
In a written order entered July 24, 2012, the hearing officer found “that all elements necessary to sustain the suspension for refusal to submit to a breath, blood, or urine test under section 322.2615 of the *619 Florida Statutes are supported by a preponderance of the evidence.”
Corcoran sought first-tier certiorari review of the hearing officer’s final order in the circuit court for the Ninth Judicial Circuit, sitting in its appellate capacity. Corcoran contended that “Keith Betham’s failure to appear, without just cause ... deprived the Petitioner of his right to due process.” Specifically, Corcoran contended:
The testimony of Officer Link established that Keith Betham made contact with [Corcoran] shortly after his arrest at the Seminole County Jail. Keith Bet-ham was present for the observations of [Corcoran] and could testify whether or not [Corcoran] exhibited any signs of impairment at or near the time of his arrest.
Corcoran contends that the hearing officer erred in concluding that the potential testimony of BTO Betham was irrelevant and that the trial court’s error “effectively quashed his subpoena,” thereby depriving Corcoran of his procedural due process rights.
In a final order entered February 7, 2013, a three-judge panel of the circuit court agreed with Corcoran’s due process argument related to BTO Betham and further concluded that the issue was disposi-tive of the entire proceeding. The circuit court concluded in pertinent part:
A driver is entitled to request subpoenas for witnesses identified in the documents pertaining to the license suspension and has the right to present evidence relevant to the issues, to cross-examine opposing witnesses, to impeach any witness, and to rebut the evidence presented against the driver. §§ 822.2615(2) and 322.2615(6)(b), Florida Statutes (2012); Rules 15A-6.012(1) and 15A-6.013(5), Fla. Admin. Code. Also, in support of his argument, Cor-coran cites cases, Auzenne v. Dep’t of Highway Safety & Motor Vehicles, 17 Fla. L. Weekly Supp. 1056a (Fla. 9th Cir.Ct.2010) (holding that it was error for the hearing officer to refuse to issue a subpoena for the breath test operator who was a relevant witness as he had contact with the driver at or near the time of arrest) and Amodeo v. Dep’t of Highway Safety & Motor Vehicles, No. CI96-3994 (Fla. 9th CSr.Ct.1997), Aff'd, without opinion, 711 So.2d 148 (Fla. 5th DCA 1998), 711 So.2d 148 (Fla. 5th DCA 1998) (holding that a hearing officer may not quash a subpoena for a fact witness pursuant to section 322.2615(2), Florida Statutes, and Rule 15A-6.013(5), Florida Administrative Code, and the defense has the absolute right to subpoena other witnesses to testify as to whether or not the defendant exhibited any signs of impairment at or near the time of arrest).
Further, per Rule 15A-6.015(2)(b) of the Florida Administrative Code, if just cause is shown, the hearing shall be continued and notice given. The record is silent as to whether, after the hearing, Betham timely presented just cause for his non-appearance. Since this was Bet-ham’s first failure to appear and provided that he timely showed just cause for his non-appearance, the hearing officer should have continued the hearing to provide an additional opportunity for Betham to appear and testify. Instead, the hearing officer’s ruling that Bet-ham’s testimony was not relevant precluded this procedure that Corcoran was entitled to thus, [sic] depriving him of due process.
Based on this rationale, the circuit court granted Corcoran’s certiorari petition and remanded the matter back to the Department for a new hearing consistent with the circuit court opinion.
*620 On February 14, 2013, the circuit court sua sponte entered its “Amended Final Order Granting Petition for Writ of Cer-tiorari.” The only difference between the circuit court’s original order and its amended final order is that the amended final order removed the language directing remand for a new hearing. In other words, the invalidation of Corcoran’s driver’s license suspension would be permanent based on the circuit court’s amended final order.[2] Department subsequently filed this second-tier petition for writ of certiorari.
Among its arguments, Department contends that the circuit court violated Department’s due process rights when it sua sponte amended its final order to strike the portion of its prior order which had directed remand for a new hearing. Department argues that the circuit court’s decision in this regard was contrary to this Court’s previous case law indicating that in similar circumstances a remand for a new hearing would be the appropriate disposition. See Tynan v. Dep’t of High. Saf. & Motor Veh., 909 So.2d 991, 995 (Fla. 5th DCA 2005).
In Department of Highway Safety and Motor Vehicles v. Luttrell, 983 So.2d 1215, 1217 (Fla. 5th DCA 2008), this Court reiterated:
The circuit court’s standard of review was limited to a determination of whether procedural due process was accorded, whether the essential requirements of law had been observed, and whether the administrative order was supported by competent substantial evidence. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Dep’t of Highway & Motor Vehicles v. Cochran, 798 So.2d 761 (Fla. 5th DCA 2001). This court’s review is limited to determining whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. See Conahan v. Dep’t of Highway & Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993).
Procedural due process has been afforded to a driver at a formal administrative review hearing where the driver has received notice and has been given an opportunity to be heard. See Dep’t of High. Saf. & Motor Veh. v. Griffin, 909 So.2d 538, 541 (Fla. 4th DCA 2005); Cantrall v. Dep’t of High. Saf. & Motor Veh., 828 So.2d 1062, 1063 (Fla. 2d DCA 2002); Dep’t of High. Saf. & Motor Veh. v. Stewart, 625 So.2d 123, 124 (Fla. 5th DCA 1993). In determining whether the lower court applied the correct law, this Court may consider, among other things, recent controlling case law, rules of court, statutes, and constitutional law. See Nader v. Fla. Dep’t of High. Saf. & Motor Veh., 87 So.3d 712 (Fla.2012); Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003).
The formal administrative review procedure contemplated by section 322.2615, Florida Statutes (2012), is outlined in three particular subsections. First, subsection 322.2615(7), Florida Statutes (2012), provides:
In a formal review hearing under subsection (6) ... the hearing officer shall determine by a preponderance of the evidence whether sufficient cause exists to sustain, amend, or invalidate the suspension. The scope of the review shall be limited to the following issues:
[[Image here]]
(b) If the license was suspended for refusal to submit to a breath, blood, or urine test:
1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was *621 driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substances.
2. Whether the person whose license was suspended refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
3. Whether the person whose license was suspended was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
In completing the task provided in subsection 322.2615(7), subsection 322.2615(11), Florida Statutes (2012), provides the hearing officer with the following tools:
The formal review hearing may be conducted upon a review of the reports of a law enforcement officer or a correctional officer, including documents relating to the administration of a breath test or blood test or the refusal to take either test or the refusal to take a urine test. However, as provided in subsection (6), the driver may subpoena the officer or any person who administered or analyzed a breath or blood test.
Finally, subsection 322.2615(6)(b), Florida Statutes (2012), provides guidance to the hearing officer in how to regulate his/her hearings:
Such formal review hearing shall be held before a hearing officer employed by the department, and the hearing officer shall be authorized to administer oaths, examine witnesses and take testimony, receive relevant evidence, issue subpoenas for the officers and witnesses identified in documents in subsection (2), regulate the course and conduct of the hearing, question witnesses, and make a ruling on the suspension.
As an initial matter, the hearing officer may (or may not) have been incorrect when she observed that BTO Betham’s testimony would not be “relevant.” Relevant evidence is “evidence tending to prove or disprove a material fact.” § 90.401, Fla. Stat. (2012). When asked to make a proffer due to BTO Betham’s failure to appear, defense counsel simply said that BTO Bet-ham was present during the reading of the implied consent warnings, and he observed Corcoran’s demeanor at the jail. There was no suggestion, however, that he had any evidence to offer that involved any disputed fact or that his testimony would be helpful to Corcoran.
In Department of Highway Safety and Motor Vehicles v. Chamizo, 753 So.2d 749, 750 (Fla. 3d DCA 2000), the Department sought second-tier certiorari review of the circuit court’s order quashing the driver’s administrative license suspension. The circuit court quashed the suspension because the hearing officer had decided to quash the subpoena issued to one of the two police officers involved in the arrest and subsequent breathalyzer testing of the driver. Id.
At the hearing, the driver was asked by the hearing officer to proffer the missing officer’s testimony. Id. at 751. The Third District characterized the driver’s response to this question as follows:
Defense counsel explained that Officer Perez had an opportunity to observe the defendant and speak with him at the station. Counsel proffered that Officer Perez would say the defendant had been rude to Officer Smith, and that the defendant had a conversation with Officer Perez about the breath test. The defense did not state what the substance of the conversation about the breathalyzer *622 test would be, nor was there any proffer relating to the roadside sobriety test.
Id. (footnote omitted). The hearing officer declined to continue the hearing to permit Officer Perez to testify at a later date and, instead, quashed the subpoena. As was previously noted, the circuit court invalidated the license suspension. Id. at 750.
On second-tier review, the Third District quashed the circuit court’s order, holding in pertinent part:
We conclude that, based on the proffer, there was no reason for the hearing officer to continue the hearing. At the station, the defendant’s breath test readings were .163/.187/.180, well above the legal limit. There is nothing in the defense proffer which casts any doubt on the reliability of the breath test results. The defense only said that there had been a conversation between the defendant and Officer Perez about the breath test, but there was no indication of the substance of that conversation. There was no proffer relating to the roadside sobriety tests.
The defendant points out that there is no prehearing discovery, and argues that this limits the ability of counsel to make a proffer. While it is true there is no prehearing discovery it is also true that counsel will have the client’s version of events, the pertinent documents, and conceivably other investigative results. While the requirement for a proffer must be flexibly applied, there is no indication here that Officer Perez’ testimony would be anything other than cumulative. [FN 3].
FN3. This is also not a case in which two or more witnesses disagreed on a material fact issue, and the non-appearing officer could testify as to the disputed events. Here the only witness who testified was Officer Smith.
[[Image here]]
Where the hearing officer makes a harmful trial error, the remedy is to send the matter back for a new hearing. Where the hearing officer makes an error but the error is harmless, the circuit court should affirm. See §§ 924.051(7), 924.33, Fla. Stat. (1999); Goodwin v. State, 751 So.2d 537 (Fla.1999).
We are inclined to think that once the continuance was denied, there was no error in quashing the subpoena, but we need not now decide the point. Assuming it was error to quash the subpoena, the error was harmless.
Id. at 751-52.
In the instant case, much like the situation in Chamizo, there is precious little to suggest that BTO Betham’s testimony would have been relevant to any of the contested issues in the case, and there is nothing in the record to suggest that BTO Betham’s testimony would be anything other than cumulative. Like the situation in Chamizo, the instant case did not present a scenario in which two or more witnesses disagreed on a material fact issue and the non-appearing BTO could testify as to the disputed events. Here, Corcoran did not even appear at the hearing to offer his version of events. The only witness who testified was Officer Link.
Corcoran principally relies on this Court’s decision in Department of Highway Safety and Motor Vehicles v. Auster, 52 So.3d 802, 804-05 (Fla. 5th DCA 2010), where this Court distinguished Chamizo based on the different facts at issue in Auster. The hearing officer in Auster had refused to issue a subpoena for the breath test operator because the suspension was imposed due to the driver’s refusal to take a breath test. However, the driver in Auster had proffered that she wished to examine the BTO as to whether the driver had timely recanted her refusal to submit *623 to the test. In this case, unlike Auster, there was no refusal to issue the subpoena and there was no articulated relevant and non-cumulative purpose for the testimony. Id. at 805.
More important, there is no legal support for the position taken by Corcoran at the hearing that BTO Betham’s failure to appear deprived him of due process and should result in the invalidation of the suspension altogether.[3] Corcoran had a statutory remedy for the failure of the witness to appear and should have pursued enforcement of the subpoena pursuant to section 322.2615(6)(c), Fla. Stat. (2012). See Kubasak v. Dep’t of High. Saf. & Motor Veh., 957 So.2d 15, 15 (Fla. 5th DCA 2007). The circuit court applied the wrong law in holding that the trial court’s conclusion that BTO Betham’s testimony was irrelevant deprived Corcoran of due process because it precluded him from obtaining a continuance so that BTO Betham could testify. At most, however, this case involves an erroneous evidentiary ruling on relevance. If the hearing officer erred, the error should simply have been corrected and the matter remanded for a new hearing.
In any event, remanding the matter for a new hearing is required by this Court’s prior caselaw. See Tynan, 909 So.2d at 995 (“[HJaving failed to accord Tynan due process in the first hearing, the Department had the right to conduct a hearing which met due process requirements.”); Dep’t of High. Saf. & Motor Veh. v. Icaza, 37 So.3d 309, 312 (Fla. 5th DCA 2010) (“We conclude that the circuit court applied the wrong law when it refused to remand the case to the hearing officer.”).
PETITION FOR WRIT OF CERTIO-RARI GRANTED; ORDER QUASHED; and REMANDED.
SAWAYA and COHEN, JJ„ concur.

. During the traffic stop, Officer Link radioed for a backup officer, and Officer James Anderson appeared at the scene. Officer Anderson provided a supplemental police report that detailed his observations during the field sobriety exercises.

. Department filed a motion for rehearing, which the circuit court denied.

. Mercifully in this Court, Corcoran has not relied on the case it cited below, Department of Highway Safety and Motor Vehicles v. Robinson, 93 So.3d 1090 (Fla. 2d DCA 2012), a case in which the court of appeal discussed, but did not rule upon the question whether it is a violation of due process to suspend a license after a subpoenaed witness fails to appear, and the suspendee cannot enforce the subpoena within the "statutorily mandated thirty-day period for formal administrative review.” If the argument had been raised, we would not have hesitated in answering the question in the negative. See also Echternach v. Dep’t of High. Saf. & Motor Veh., 119 So.3d 467 (Fla. 2d DCA 2013); Dep’t of High. Saf. v. Ramnarine, 104 So.3d 1144 (Fla. 2d DCA 2012).