BERGER, J.
The Department of Highway Safety and Motor Vehicles (DHSMV) seeks second tier certiorari review of a circuit court order granting Respondent, Nils Futch’s petition for writ of certiorari and quashing DHSMVs administrative order affirming the suspension of Futch’s driver’s license. DHSMV argues that the circuit court departed from the essential requirements of law when it ordered the department to reinstate Futch’s license rather than remand the matter to the hearing officer for further proceedings. We agree and grant the petition.
In March 2013, Futch was arrested for driving under the influence (DUI). He refused to submit to a breath alcohol test. Pursuant to section 322.2615(1), Florida Statutes (2013), DHSMV placed an administrative refusal suspension on Futch’s driver’s license. Futch requested a formal administrative suspension review hearing under section 322.2615(6), Florida Statutes (2013). At the hearing, DHSMV submit *912 ted the required documents pursuant to section 322.2615(2), Florida Statutes (2013). Futch did not testify at the hearing. Instead, he called as an expert witness, Andy Cospito, at which time the following exchange took place:
MR. LATINSKY: Okay. At this time, I would call Andrew Cospito and have him to testify.
THE COURT: Please raise your right hand.
WHEREUPON, ANDREW N. COSPI-TO, having first been duly sworn, was called as a witness and testified as follows:
MR. COSPITO: Yes, ma’am, I do. HEARING OFFICER: Thank you. Please restate your name for record. MR. COSPITO: Andrew N. Cospito, CO-S-P-I-T-O.
HEARING OFFICER: Okay. And— MR. LATINSKY: Thank you. HEARING OFFICER: Now, wait á minute now. I’ve got to finish my questions first.
MR. LATINSKY: No, actually in a hearing, I ask my questions first. The hearing officer doesn’t question my witness before I do.
HEARING OFFICER: I wasn’t finished asking him a couple questions before you get to ask him.
MR. LATINSKY: I respectfully object. HEARING OFFICER: And that’s been noted for record. Mr. Cospito, are you a current law enforcement officer?
MR. COSPITO: No.
HEARING OFFICER: And were you at the scene on March 15th, 2013—
MR. COSPITO: Nope.
HEARING OFFICER: — when Mr.
Futch got stopped?
MR. COSPITO: No, ma’am.
HEARING OFFICER: And do you hold a valid breath test operator permit as a current law enforcement officer?
MR. COSPITO: No, I do not.
HEARING OFFICER: Okay. Counsel, at this time, this hearing officer does not recognize Mr. Cospito as an expert witness in this hearing. But I will allow you to ask two questions for proffer. And only two questions. And then we’ll go forward with any other motions you would have for record.
MR. LATINSKY: Okay. There’s an old saying, when a person asks if they can ask a question for you, which is, if you’re going to try my case for me, please don’t lose it for me. Unfortunately, you haven’t asked the correct questions to set a predicate for my client to be admitted as an expert witness. Florida Statute indicates he has to have training and experience. We’ve been through this before. I am aware that the Department has a bias and illegal policy not allowing me to call my witness. I realize this has come up before. However, Mr. Futch is a new arriver to this hearing and is entitled to due process. At this time, I’m going to point out that I need to ask more questions. I will start asking and I will try to be as polite as I can, if interrupted.
HEARING OFFICER: Two questions. I will allow two questions for proffer. Because, like I just told you, that this hearing officer does not recognize Mr. Cospito as an expert witness.
MR. LATINSKY: Yes.
DIRECT EXAMINATION BY MR. LATINSKY:
Q Mr. Cospito, have you had training and experience as a DRE?
A Yes.
Q Would you explain to us for the record the experience and what that means?
*913 A First of all, being a law enforcement officer in charge of a DUI unit, made well over 1,000 DUI arrests, I became a DUI instructor, certified through the Department of Highway Safety and Traffic Administration, as it pertains to proper administration of field sobriety exercises, specifically trained in the proper administration of the horizontal gaze nystagmus exercise as performed on impaired drivers. Once I achieved these certificates and the amount of arrests, I attended the drug recognition expert training and certification while as a law enforcement officer. And instructed officers how to properly administrate field sobriety exercises, and then going into DRE training as it pertains to impaired drivers by alcohol or narcotics.
Q Okay. And have you had further training—
HEARING OFFICER: Counsel, that was your two questions.
MR. LATINSKY: Okay.
HEARING OFFICER: You asked him if he was a DRE and then you asked him his training, so...
MR. LATINSKY: Okay. I just want to be clear that I’m not allowed to ask any more questions.
HEARING OFFICER: That’s correct.
MR. LATINSKY: Okay.
At the close of the evidence, the hearing officer affirmed Futch’s suspension after concluding that the law enforcement officer had probable cause to believe Futch was driving, or in actual physical control, of a motor vehicle while under the influence of alcohol or drugs, and that Futch had refused to submit to testing after having been requested to do so, and after having been informed of the consequences of refusing to submit to the test. Thereafter, Futch sought certiorari review in the circuit court.
A hearing officer’s decision to sustain a suspension of a person’s driver’s license is reviewable in a petition for writ of certiorari in the circuit court. See § 322.2615(13), Fla. Stat. (2013). Likewise, a law enforcement agency may seek certiorari review of the hearing officer’s decision to invalidate a suspension. Id. “[F]irst-tier certiorari review is not discretionary but rather is a matter of right and is akin in many respects to a plenary appeal _” Broward Cnty. v. G.B.V. Inti, Ltd., 787 So.2d 838, 843 (Fla.2001). The circuit court considers:
whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence.

Id.

“Procedural due process has been afforded to a driver at a formal administrative review hearing where the driver has received notice and has been given an opportunity to be heard.” Dep’t of Highway Safety & Motor Vehicles v. Corcoran, 133 So.3d 616, 620 (Fla. 5th DCA 2014). “The procedural due process rights afforded a driver when seeking review of a license suspension pursuant to section 322.2615 include ‘the right to present evidence relevant to the issues, to cross-examine opposing witnesses, to impeach any witness, and to rebut the evidence presented against the driver.’ ” Lee v. Dep’t of Highway Safety & Motor Vehicles, 4 So.3d 754, 756-57 (Fla. 1st DCA 2009) (quoting Fla. Admin. Code R. 15A-6.013(5)).
On certiorari review in this case, the trial court determined that the hearing officer violated Futch’s due process rights by refusing to allow his expert witness to *914 testify at the hearing.[1] However, instead of remanding the case back to the hearing officer for a new administrative hearing, the trial court quashed the hearing officer’s order affirming the suspension and directed DHSMV to set aside the suspension and reinstate Futch’s license.[2] DHSMV argues this was error.
Our review of the circuit court’s order is limited to whether the circuit court afforded procedural due process and applied the correct law. See G.B.V. Int’l, Ltd., 787 So.2d at 843; see also Corcoran, 133 So.3d at 620 (quoting Dep’t of Highway Safety & Motor Vehicles v. Luttrell, 983 So.2d 1215, 1217 (Fla. 5th DCA 2008)). “[S]econd-tier certiorari review is more restricted and is similar in scope to true common law certiorari.” G.B.V. Int’l, Ltd., 787 So.2d at 843.
We first consider whether the trial court afforded DHSMV procedural due process. The record below indicates that the circuit court ordered DHSMV to show cause why Futch’s petition should not be granted, and held a hearing on DHSMV’s motion to dismiss. The parties also received notice and an opportunity to be heard before the circuit court ruled on the motions and petition. Therefore, we conclude that the circuit court afforded the parties procedural due process.[3] See Dep’t of Transp. v. Baird, 992 So.2d 378, 381 (Fla. 5th DCA 2008) (“The basic requirements of procedural due process are notice and an opportunity to be heard.”). We now turn to the issue of whether the trial court applied the correct law.
DHSMV asserts that the circuit court improperly conducted a de novo review and usurped the hearing officer’s lawful authority as finder-of-fact on the issue of the relevance of the witness. The problem with this argument is two-fold. First, the hearing officer did not find that the testimony of witness Cospito was irrelevant; rather, the hearing officer concluded that the witness was not an expert, and, thereafter, limited counsel’s questions. Second, the circuit court was concerned with the way the hearing was conducted, and took issue in its order with the arbitrary manner in which the hearing officer limited Futch to two questions, not with the hearing officer’s conclusion that the witness was not an expert. Specifically, the court concluded:
Suspension has been in place for six (6) months measured to the date of this decision. If remanded to the Hearing Officer for rehearing the matter would then be reheard and if a Petition for Certiorari was necessary, nearly a full year would have been expended. Unfortunately, a stay pending appeal is currently not available. Anderson v. Department of Highway Safety .and Motor Vehicles, 751 So.2d 749 (Fla. 5th DCA 2000). [T]his court feels that the equities in this situation gravitate in favor of the Petitioner having the benefit of a prompt, fair, and meaningful procedure. To have such a substantial departure by a Hearing Officer in regard to the due process component of this appeal vitiates that prompt, fair, and meaningful procedure which is this court’s constitutional responsibility.
The Hearing Officer, in what can only be analyzed as a remarkable event, allowed Mr. Latinsky, Mr. Futch’s attorney, two questions. In essence, the Hearing Officer allowed the witness to testify but did not let the proponent of the witness ask *915 enough questions to either present evidence or create a reasonable proffer. The concept of due process, at is [sic] rudimentary level, requires notice and an opportunity to be heard. In this case the Constitution was turned on its head in violation of the Fourth and Fourteenth Amendments. As a result this court finds that there is no question that the Petitioner, Nils Futch, has not been accorded procedural due process and therefore the decision of the Hearing Officer cannot stand.
While the hearing officer may well have heard Cospito’s testimony only to later conclude that the testimony was irrelevant, the fact that the hearing officer never gave counsel an opportunity to examine the witness beyond the two questions, or to allow Futch to make a proffer, is problematic. “Although the hearing officer has the discretion to control the orderly process of the administrative hearing, when that discretion is abused and results in a denial of procedural due process, the circuit court may grant relief.” Dep’t of Highway Safety & Motor Vehicles v. Pitts, 815 So.2d 738, 744 (Fla. 1st DCA 2002). Accordingly, we find no error in the circuit court’s determination that Futch was denied due process. The error lies with the remedy fashioned by the circuit court.
In this case, the circuit court reasoned that by the time Futch’s case is reviewed in a petition for writ of certiorari, remanded for a new hearing, and then review is again sought, his suspension will be completed. Thus, the circuit court concluded that the equities gravitated in favor of invalidating the suspension. The problem with the circuit court’s reasoning is that it disregards this court’s precedent requiring that the matter be remanded for further proceedings. Indeed, we have consistently held that when a circuit court quashes a hearing officer’s order on due process grounds, the matter is to be remanded to the hearing officer for further proceedings. See Corcoran, 133 So.3d at 623 (“If the hearing officer erred, the error should simply have been corrected and the matter remanded for a new hearing.”); Dep’t of Highway Safety & Motor Vehicles v. Icaza, 37 So.3d 309, 312 (Fla. 5th DCA 2010) (“We conclude that the circuit court applied the wrong law when it refused to remand the case to the hearing officer.”); Tynan v. Dep’t of Highway Safety & Motor Vehicles, 909 So.2d 991, 995 (Fla. 5th DCA 2005) (“[H]aving failed to accord Tynan due process in the first hearing, the Department had the right to conduct a hearing which met due process requirements.”); Lillyman v. Dep’t of Highway Safety & Motor Vehicles, 645 So.2d 113, 114 (Fla. 5th DCA 1994) (“When an evi-dentiary error is made in an administrative hearing, the remedy is to remand for further proceedings.”); see also Dodson v. Dep’t of Highway Safety & Motor Vehicles, 120 So.3d 69, 70 (Fla. 1st DCA 2013) (“We remand this case to the circuit court whereupon by either party’s filing of a proper motion, the case shall be remanded to the Department for a new hearing that meets the essential requirements of the law.”); Dep’t of Highway Safety & Motor Vehicles v. Chamizo, 753 So.2d 749, 752 (Fla. 3d DCA 2000) (“Where the hearing officer makes a harmful trial error, the remedy is to send the matter back for a new hearing.”).[4] It is not the responsibili *916 ty of the circuit court to invalidate the license suspension.
Because we conclude that the circuit court misapplied the law when it directed DHSMV to set aside the suspension and reinstate Futeh’s driver’s license, we grant the petition for writ of certiorari, quash the order of the circuit court, and remand for further proceedings consistent with this opinion.
PETITION GRANTED.
SAWAYA and COHEN, JJ., concur.

. Futch’s petition for writ of certiorari also alleged that there was a lack of substantial competent evidence to establish that he was lawfully stopped. The circuit court determined that this argument lacked merit.

. The trial court reasoned:

.Although we agree that Futch was not afforded procedural due process, we by no means approve of the manner in which Mr. Latinsky addressed the hearing officer.

. The circuit court’s reliance on Fuller v. Department of Highway Safety & Motor Vehicles, (Fla. 7th Cir.Ct.2012), on the basis that this court denied second tier certiorari review in that case is misplaced. A denial without an opinion has no precedential value. Dep’t of Highway Safety & Motor Vehicles v. Auster, 52 So.3d 802, 803 (Fla. 5th DCA 2010).