COHEN, J.,
concurring specially.
I agree that our precedent provides an opportunity to cure a due process violation in this context. I write separately to express concern about an apparent fundamental unfairness in these administrative proceedings. The transcripts reflect that at least some hearing officers exhibit a palpable predisposition. This is improper. Whether a proceeding is administrative or judicial, the parties are entitled to an impartial arbiter, and the record in this case — and in many that we see on appeal — does not reflect that. A neutral arbiter is the linchpin of due process and the foundation upon which the system of justice is built.
*1261 For years, we have instructed hearing officers that citizens are entitled to subpoena and present witnesses at hearings. See Klinker v. Dep’t of Highway Safety & Motor Vehicles, 118 So.3d 835, 839 (Fla. 5th DCA 2013); Dep’t of Highway Safety & Motor Vehicles v. Auster, 52 So.3d 802, 804-05 (Fla. 5th DCA 2010); Lee v. Dep’t of Highway Safety & Motor Vehicles, 4 So.3d 754, 757 (Fla. 1st DCA 2009); see also Dep’t of Highway Safety & Motor Vehicles v. Pitts, 815 So.2d 738 (Fla. 1st DCA 2002). And yet, time after time, these decisions are ignored.
In the instant case, the circuit court recognized that remand would in all likelihood constitute a futile act. Not only is the officer involved no longer employed by the police agency, he now resides out of state. However, our precedent provides for the opportunity to correct the order entered in this case, which did not begin to comport with any semblance of due process.