TORPY, C.J.
We address this driver’s license suspension case for the second time. The circuit court granted Respondent’s petition for certiorari, concluding that Petitioner had failed to introduce substantial, competent *462 evidence to justify the suspension of Respondent’s driver’s license. In the first case before this court, we denied by order Petitioner’s petition for certiorari directed to that order. After our mandate issued, the circuit court ordered Petitioner to reinstate Respondent’s driver’s license. Petitioner challenges that order, contending that the circuit court should have instead given it the opportunity to have a new hearing with different evidence. We deny the instant petition.
Petitioner contends that the law is “well settled” that “when a circuit court determines that there has been an eviden-tiary error in an administrative hearing and/or that there is not substantial competent evidence in the record to support the administrative order, the circuit court is limited to quashing the administrative order and remanding the matter to Petitioner for further proceedings.” (Emphasis added). It cites three precedents from this court in support of this proposition. Contrary to Petitioner’s representation, however, none of the cited authorities supports the latter part of its argument—that a new hearing is required when the evidence is lacking because of the unexcused failure of Petitioner to present sufficient proof.
Lillyman v. Department of Highway Safety & Motor Vehicles, 645 So.2d 113 (Fla. 5th DCA 1994), addressed a situation where the hearing officer had denied the driver the due process right to cross-examine a witness. We analogized that situation to a similar trial error concerning erroneous exclusion of evidence in a criminal case and held that a new hearing was necessary. In Department of Highway Safety & Motor Vehicles v. Icaza, 37 So.3d 309 (Fla. 5th DCA 2010), we ordered a new hearing because of a change in the law that occurred after the hearing. Our decision was premised upon the conclusion that the department had been denied due process because it did not have a fair opportunity to present the necessary evidence. In Department of Highway Safety & Motor Vehicles v. Corcoran, 133 So.3d 616 (Fla. 5th DCA 2014), the hearing officer made an erroneous evidentiary ruling that denied the licensee due process. Consistent with our prior precedent, we directed the trial court to order a new hearing.
All of these cases involved situations where the merits of the controversy were not reached because one party or the other was denied the right to present pertinent evidence. The instant case involves a simple failure by Petitioner to meet its evidentiary burden. To grant a new hearing in situations like this simply affords Petitioner another bite at the apple and could result in an endless series of hearings until it finally presents sufficient evidence to support suspension. Absent circumstances where Petitioner is prevented from presenting material evidence it should only get one opportunity to present its proof. See Doll v. Dep’t of Health, 969 So.2d 1103, 1107 (Fla. 1st DCA 2007), and cases cited therein (in administrative proceeding, upon failure of agency to present sufficient proof of costs, no entitlement to second opportunity).
The foregoing notwithstanding, Petitioner contends that the circuit court lacked the authority to “direct the administrative agency to take any particular action on remand.” In support of this argument, Petitioner relies upon Broward County v. G.B.V. International, Ltd., 787 So.2d 838 (Fla.2001). Again, we think Petitioner’s reliance upon the cited authority is misplaced. G.B.V. International, Ltd. addressed the authority of an appellate court on second-tier review. In that case, the circuit court had erroneously concluded that it did not have authority to review a zoning decision because it believed it to be *463 legislative in nature, rather than quasi-judicial. 787 So.2d at 844. On second-tier review, the Fourth District Court of Appeal properly quashed the order because the zoning decision was quasi-judicial and should have been reviewed using a competent, substantial evidence standard by the circuit court. Instead of remanding the matter to the circuit court to conduct that review, the fourth district court itself determined that there was not substantial, competent evidence to support the zoning decision, and it ordered that the zoning request by the property owner be approved. Id. at 845. The Florida Supreme Court held that this was in excess of the fourth district court’s authority on second-tier review. Id.
Here, by contrast, the circuit court on first-tier review made the determination that the evidence to support the suspension was lacking. On review, we allowed that decision to stand. After our mandate issued, the circuit court simply enforced its mandate. A reviewing court on first-tier certiorari review has the inherent authority to enforce its mandate. See Citibank, N.A. v. Plapinger, 469 So.2d 144, 145 (Fla. 3d DCA 1985) (after trial court attempted to stay appellate court’s mandate, appellate court ordered mandate’s enforcement).
Accordingly, we deny the petition.
PETITION DENIED.
WALLIS and EVANDER, JJ., concur.