420 So.2d 868 (1982)
STATE of Florida, Petitioner,
v.
Ken Scott KILPATRICK, Respondent.
No. 61349.
Supreme Court of Florida.
September 14, 1982.
Rehearing Denied November 9, 1982.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for petitioner.
Philip J. Padovano, Tallahassee, for respondent.
OVERTON, Justice.
This cause is before the Court on the state's motion to reinstate its petition for discretionary review after an administrative dismissal on the grounds of untimely filing. The real issue is whether a motion for a rehearing en banc before a district court of appeal, which was filed separately and not in conjunction with a motion for rehearing under rule 9.330(a), has the effect of tolling time for filing a petition for review in this Court until the district court issues its mandate. We hold that the time for petitioning this Court was not tolled because the separately filed motion for en banc review was a nonallowable motion under rule 9.331 and was in fact a nullity. As a result, the administrative dismissal was correct.
For a better understanding of the issues, we set forth chronologically the critical events in this proceeding.
On September 17, 1981, the First District Court of Appeal issued its opinion reversing the trial court. 403 So.2d 1104.
On September 24, 1981, the state filed a motion entitled "Motion for Rehearing En Banc," in which the state, "pursuant to Fla.R.App.P. 9.330(c), requests the Court grant rehearing en banc in the above-styled cause." At the conclusion of the motion, "the State asserts that rehearing en banc should be granted because the court overlooked *869 several key legal principles applicable to Appellants' case, and review by the full court is necessary to maintain uniformity among the court's opinions."
On October 13, 1981, the district court of appeal issued its mandate on the opinion filed September 17, 1981.
On October 28, 1981, the state filed a notice to invoke this Court's jurisdiction on the grounds of conflict with a case previously decided by this Court.
On November 4, 1981, this Court administratively dismissed this cause because it had not been timely filed.
The state mistakenly filed its en banc rehearing motion under rule 9.330(c), the rule which pertains solely to rehearing in bond validation matters. By the motion's contents, it appears clear that the state intended the motion to be filed under rule 9.331(c), the en banc rule. Those portions of rule 9.331(c) which are pertinent to the issue in this case read as follows:
(1) Generally. A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by Rule 9.330 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing solely on the ground that such consideration is necessary to maintain uniformity in the court's decisions. A motion based on any other ground shall be stricken. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.
(3) Formal Order on Motion for Rehearing En Banc. An order on a motion for rehearing en banc shall be deemed denied upon a denial of rehearing or a grant of rehearing without en banc consideration. If rehearing en banc is granted, the court may limit the issues to be reheard, require the filing of additional briefs, and may require additional argument.
(Emphasis ours.)
The state contends that its motion as filed tolled the time for any proceedings in the district court until that motion was disposed of, citing Florida Rule of Appellate Procedure 9.300(b) and (d). The state claims that, since the motion for rehearing en banc was not specifically listed in rule 9.330(d), time for petitioning this Court for review was tolled until the district court acted by issuing its mandate.
We reject this contention because the motion as filed is nonallowable under rule 9.331(c) and requires no order or response from the district court of appeal. Rule 9.331(c) clearly states that "in conjunction with a motion for rehearing, a party may move for an en banc rehearing... ." (Emphasis ours.) The rule does not provide for a separate motion for en banc rehearing.
The en banc rule, by its express provisions, does not require a district court to respond to a request for rehearing en banc. If we accepted the state's contention, however, it would mean that the district courts of appeal would be compelled to respond, even though the rule clearly states a vote will not be taken on an en banc rehearing motion unless requested by a judge.
The reasoning behind the "in conjunction with" language is the assurance that each en banc rehearing request will simultaneously be disposed of by the district court's disposition of the traditional rehearing motion and is to eliminate separate motions for rehearing en banc. Accordingly, the state's motion for reinstatement is denied.
It is so ordered.
ALDERMAN, C.J., and ADKINS, SUNDBERG and McDONALD, JJ., concur.
BOYD, J., dissents.