ORDER ON “MOTION FOR SPECIAL CONSIDERATION”
PER CURIAM.
Appellant has filed a motion which he denominates “Motion for Special Consideration” which seeks the following relief:
(1) allowing Appellant the opportunity to file a Motion for Rehearing in conjunction with his previously filed Motion for Rehearing En Banc and/or, (2) allowing Appellant additional time within which to file his Notice of Appeal to the Florida Supreme Court.
Following this Court’s opinion on the merits rendered on June 9, 1983, 432 So.2d 1364 (Fla.App.), appellant filed a “Motion for Rehearing En Banc.” That motion was not filed in conjunction with a motion for rehearing under Fla.App.R. 9.330(a). Indeed, no such motion for rehearing was filed at all. Fla.App.R. 9.331(c) provides in pertinent part:
Within the time prescribed by Rule 9.330 and in conjunction with the motion for rehearing, a party may move for an en banc hearing solely on the ground that such consideration is necessary to maintain uniformity in the court’s decisions. [e.s.]
A motion for rehearing en banc not filed in conjunction with a Rule 9.330(a) motion for rehearing is a nonallowable motion under Rule 9.331 and is a nullity. State v. Kilpatrick, 420 So.2d 868 (Fla.1982).
Accordingly, appellant’s motion for rehearing en banc was properly dismissed administratively and our mandate issued on July 8, 1983.
Appellant’s present motion seeks the relief described above because, as he says, this Court in a previous unrelated case in which appellant’s counsel was involved denied his motion for rehearing en banc (also not filed in conjunction with a Rule 9.330 motion for rehearing) instead of administratively dismissing it as a nullity. Appellant’s motion is without merit and it is therefore denied.
BOOTH, WIGGINTON and NIMMONS, JJ., concur.