870 So.2d 816 (2004)
Jair Ventura ROMERO, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1795.
Supreme Court of Florida.
April 1, 2004.
*817 Oscar Arroyave, Coconut Grove, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Michael J. Neimand and Douglas J. Glaid, Senior Assistant Attorneys General, Fort Lauderdale, FL, for Respondent.
PARIENTE, J.
The petitioner, Jair Romero, has filed a motion for reinstatement of a notice seeking to invoke the discretionary jurisdiction of this Court. Romero asserts that there is express and direct conflict between the Third District Court of Appeal decision in Romero v. State, 820 So.2d 946 (Fla. 3d DCA 2002), and multiple decisions from the First, Second, and Fourth District Courts of Appeal. Before we can determine whether we will exercise our discretion to accept this case for review under article V, section 3(b)(3), of the Florida Constitution, we must first determine whether the notice was timely filed. For the reasons expressed below, we conclude that the notice was timely filed.

FACTS
Romero filed a petition for writ of prohibition in the Third District Court of Appeal. See Romero, 820 So.2d at 947. The Third District denied Romero's petition on April 10, 2002, and he subsequently filed a motion for rehearing en banc, which was accepted and ultimately denied by the Third District on July 12, 2002. See Romero v. State, No. 3D01-3582 (Fla. 3d DCA July 12, 2002). At the time the motion for rehearing en banc was filed, Romero failed to simultaneously file a motion for rehearing. On August 9, 2002, within thirty days of the rendition of the order denying his motion for rehearing en banc, Romero filed a notice to invoke the discretionary jurisdiction of this Court. However, on August 15, 2002, this Court dismissed Romero's case, explaining that his notice had not been timely filed pursuant to Florida Rule of Appellate Procedure 9.120.[1] This determination was based on this Court's decision in State v. Kilpatrick, 420 So.2d 868, 868 (Fla.1982), that where a motion for rehearing en banc is filed without a motion for rehearing, "the time for petitioning this Court [is] not tolled because the separately filed motion for en banc review [is] a nonallowable motion under [Florida Rule of Appellate Procedure] 9.331 and [is] in fact a nullity." Romero's motion for reinstatement of his notice to invoke discretionary jurisdiction followed.

ANALYSIS
Under rule 9.120, a party has thirty days following the rendition of a decision by the district court in which to file a notice seeking to invoke the discretionary jurisdiction of this Court. This time period is tolled, however, if the petitioner has *818 timely filed a motion for rehearing in the district court. See Fla. R.App. P. 9.020(h) (providing that a timely filed motion for rehearing tolls date of rendition of a final order).
Florida Rule of Appellate Procedure 9.330(a) establishes both the time period for filing a motion for rehearing and the requirements concerning the content of such a motion:
A motion for rehearing ... may be filed within 15 days of an order or within such other time set by the court. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding.
Florida Rule of Appellate Procedure 9.331(d), which governs motions for rehearing en banc, states that "a party may move for an en banc rehearing solely on the grounds that the case is of exceptional importance or that such consideration is necessary to maintain uniformity in the court's decisions." Fla. R.App. P. 9.331(d)(1). Rule 9.331(d) also requires that a motion for rehearing en banc be filed "in conjunction with the motion for rehearing." Id.
In this case, Romero did not file his motion for rehearing en banc in conjunction with a motion for rehearing. Nevertheless, the Third District considered the merits of Romero's motion. In fact, it is the Third District's policy to dispose of motions for rehearing en banc on the merits even when they are not filed with an accompanying motion for rehearing. The Third District's Manual of Internal Operating Procedures provides:
When a motion for rehearing en banc is filed unaccompanied by a motion for rehearing, the motion for rehearing en banc will be treated as to include a motion for rehearing. It will then be ruled upon by the panel with the en banc request to be noted or ruled upon by the court.
(Emphasis supplied.)
By treating motions for rehearing en banc as including motions for rehearing, the Third District adheres to the spirit of Florida Rule of Appellate Procedure 9.040(d), which is to "disregard any procedural error or defect that does not adversely affect the substantial rights of the parties."[2] However, because the Third District's order denying Romero's motion referred only to a motion for rehearing en banc, this Court initially dismissed Romero's notice to invoke discretionary jurisdiction as untimely based on the reasoning of Kilpatrick.
After clarifying that the Third District, pursuant to its own internal rules, treated Romero's motion as having included a motion for rehearing, we conclude that Romero's notice in this Court was timely filed. Where, as here, an appellate court accepts a motion for rehearing en banc, treats the motion as having included a motion for rehearing, and rules on the merits of the motion, the time for filing a notice in this Court is tolled.[3] Accordingly, *819 we grant Romero's motion to reinstate his notice to invoke discretionary jurisdiction as timely filed and recede from Kilpatrick to the extent it is inconsistent with this decision. However, having evaluated the jurisdictional briefs, we conclude that there is no basis to accept review of Romero's case and we therefore deny the petition for review.
It is so ordered.
ANSTEAD, C.J., and QUINCE, CANTERO, and BELL, JJ., concur.
WELLS and LEWIS, JJ., concur in result only.
NOTES
[1] Rule 9.120 provides in pertinent part: "The jurisdiction of the supreme court described in rule 9.030(a)(2)(A) shall be invoked by filing 2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed." Fla. R.App. P. 9.120(b).
[2] Rule 9.040(d) states that

the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.
[3] The Appellate Court Rules Committee has unanimously approved a proposed amendment to rule 9.331(d) that would remove the requirement that a motion for rehearing en banc be filed in conjunction with a motion for rehearing. We request that the Board of Governors expedite its consideration of this rule amendment so that the Court can consider the proposal in conjunction with the current two-year rule amendment cycle.