909 So.2d 991 (2005)
Amy TYNAN, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 5D05-1109.
District Court of Appeal of Florida, Fifth District.
September 9, 2005.
*993 Stuart I. Hyman, of Stuart I. Hyman, P.A., Orlando, for Petitioner.
Jason Helfant, Assistant General Counsel, Miami, for Respondent.
SHARP, W., J.
Tynan, Petitioner, seeks certiorari review of a circuit court's appellate decision which upheld a final order suspending her driver's license. She contends the circuit court failed to apply the correct law with regard to four issues. One we find has merit: that a second hearing regarding Tynan's license suspension was improperly conducted because, at the time of the second hearing, a motion for clarification of an order granting her petition for writ of certiorari regarding the first license suspension hearing, was pending in the circuit court. Accordingly, we grant the writ.
The facts underlying this cause began April 25, 2002, when Tynan was stopped by a police officer because she was driving erratically. She was transported to a DUI testing facility, and her breath tests resulted in .140 and .139 blood alcohol levels. Pursuant to section 316.193, Florida Statutes, Tynan's driver's license was suspended.
Tynan requested a formal hearing, pursuant to section 322.2615 Florida Statutes. A hearing was conducted before Department Administrative Review Hearing Officer Louise Montalvo.
Tynan challenged the admissibility of the intoxilyzer results (machine number 66-1646). She called as a witness Marcie Padron, custodian for the records on the breath test machines for the Orange County Sheriff's Office. Padron produced and identified test results for that machine for April 29, 2002 and May 7, 2002.
Tynan sought to impeach the test results of the machine as follows:
1. The testing solutions were not properly approved by the FDLE pursuant to Rule 11D-8.0035.
2. The testing machine Tynan was tested on was never properly approved by the FDLE pursuant to Rule 11D-8.003 for use in Florida.
3. Annual inspections pursuant to Rule 11D-8.004 had not been performed, approved solutions had not been used, and inspections had not been conducted properly.
4. The specific machine used to test Tynan had its components improperly modified by the manufacturer and these modifications had never been approved by the FDLE.
5. Simulator solutions used in the inspections did not comply with Rule 11D-8.0035(1)(d) with regard to having a two (2) year shelf life after manufacture.
In order to substantiate those challenges, Tynan sought to subpoena Florida Department of Law Enforcement employees Roger Skipper, Laura Barfield and Tom Wood. However Montalvo refused to issue subpoenas for those persons. At the end of the hearing, she entered an order on June 6, 2002 finding probable cause to stop and arrest Tynan and that Tynan had an unlawful blood alcohol level. Montalvo upheld the six months license suspension and denied Tynan's attacks on the validity of the breath test results.
Tynan sought certiorari review of this order by a three judge panel of the circuit court, arguing that the hearing officer *994 erred in refusing to issue subpoenas to Skipper, Wood and Barfield. The circuit court granted the petition, finding that the Department's failure to issue the subpoenas violated Tynan's due process rights, because it denied her an opportunity to demonstrate the Department's alleged non-compliance with the administrative rules. The circuit court panel granted the petition and remanded for further proceedings.
Because the original hearing officer, Montalvo, retired in November, another officer, Jim Kuritz, was assigned to conduct a second formal review hearing, on November 6, 2003. Tynan objected to having the hearing conducted before a new officer who had not heard the evidence presented at the first hearing.[1] This time subpoenas were issued and served on Skipper, Barfield and Wood. Skipper appeared and was questioned about the testing and procedures for intoxilyzer machines. Tynan also relied on Padron's testimony from the earlier hearing, and Padron did not testify at this hearing.
Although Skipper testified at the hearing, neither Wood nor Barfield appeared. Tynan moved to set aside the suspension because Wood's and Barfield's failure to appear hindered her ability to demonstrate that the machine used in this case was not approved for use in Florida. Hearing Officer Kuritz continued the hearing for 30 days to allow Tynan to enforce the subpoenas through the courts. The hearing was set to resume on December 12, 2003.
Before the date the hearing was to resume, the Department filed a motion for clarification of the circuit court's order granting the petition for writ of certiorari. It argued that Tynan and the Department disagreed as to whether or not the circuit court intended, on remand, that the Department hold a subsequent formal hearing.
While this motion was pending in the circuit court, the date for the continued hearing arrived. Tynan moved to abate the hearing until the circuit court acted on the Department's motion. She pointed out that the hearing officer lacked jurisdiction to proceed until the circuit court disposed of the motion for clarification.
The hearing officer denied the motion. At the hearing Tynan also objected to holding the hearing, because she had not sought enforcement of the subpoenas for Barfield and Wood, relying on her understanding that the hearing would not go forward without the circuit court's ruling on the Department's motion for clarification.
At the second hearing, Tynan introduced in evidence photographs and repair invoices showing different pressure switches, power supplies and processor boards and potentiometers in different intoxilyzer machines in Florida. She also submitted the testimony of Barfield from a separate court case pertaining to the absence of manuals for the approval of the breath tests. She moved to set aside the suspension of her license based on Barfield's testimony in another case that the intoxilyzers were never properly approved, because no operator or maintenance manuals were ever submitted. She also renewed her objections from the prior hearing concerning the test results because of: (1) failure to establish the shelf life of the testing solutions, (2) failure to establish that a *995 monthly printer check was performed on the machine and (3) failure to establish that the testing machine was approved.
On December 18, 2003, the hearing officer entered a final order denying Tynan's motions and objections, and upholding the suspension of her driver's license for DUI.
Tynan then sought certiorari review of this order in the circuit court. She claimed she was denied due process because a successor hearing officer made a decision in a case where the predecessor had heard a substantial amount of evidence. She also argued that the Department lacked jurisdiction to hold a hearing at the same time that there was a motion filed by it pending in the circuit court to clarify its prior certiorari order rendered in the same case. The circuit court denied the petition.
This court has jurisdiction to review the circuit court's decision by a second petition for writ of certiorari. See § 35.043, Fla. Stat.; Fla. R.App. P. 9.030(b)(2)(B); Haines City Comm. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). However, we are limited to a determination of whether or not the circuit court afforded procedural due process, and whether or not the circuit court applied the correct law. See Heggs; Department of Highway Safety & Motor Vehicles v. Perry, 751 So.2d 1277, 1279 (Fla. 5th DCA 2000); Conahan v. Department of Highway Safety & Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993).
A circuit court's review of an administrative decision by certiorari is limited to three considerations: (1) was petitioner accorded procedural due process; (2) were the essential requirements of the law observed and (3) are the administrative findings supported by competent substantial evidence. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). See also Education Development Ctr. Inc. v. City of West Palm Beach, Zoning Bd. of Appeals, 541 So.2d 106 (Fla. 1989).
Tynan argues that it was error for the Department to go forward with a second hearing before a different hearing officer, and that the Department should simply have restored her driver's license. After review by certiorari an appellate court can only quash the lower court's order. It has no authority to direct the lower court to enter contrary orders. See Broward County v. G.B.V. International, Ltd., 787 So.2d 838 (Fla.2001); Snyder v. Douglas, 647 So.2d 275 (Fla. 2d DCA 1994); ABG Real Estate Dev. Co. of Florida, Inc. v. St. Johns County, 608 So.2d 59 (Fla. 5th DCA 1992), cause dismissed, 613 So.2d 8 (Fla.1993); Nat'l Adver. Co. v. Broward County, 491 So.2d 1262 (Fla. 4th DCA 1986); Gulf Oil Realty Co. v. Windhover Ass'n, Inc., 403 So.2d 476 (Fla. 5th DCA 1981). See also William A. Haddad, The Common Law Writ of Certiorari in Florida, 29 U. Fla. L.Rev. 207, 225 (1977).
We think that implicit in the circuit court's order originally quashing the order suspending Tynan's license was its ruling that without the testimony of the witnesses she sought, the hearing violated her due process rights to present a defense. Thus, on remand, the Department had the discretion to conduct an evidentiary hearing in a fashion that would accord Tynan due process. Both parties were confused in this case as to what the basis for the circuit court's ruling was, and the Department sought clarification. In any event, having failed to accord Tynan due process in the first hearing, the Department had the right to conduct a hearing which met due process requirements. That included presentation of evidence to a different hearing officer where the prior one had *996 retired, and allowing both parties the right to present all the evidence (including evidence from the first hearing) which either wanted this hearing officer to consider. It should have been a de novo hearing.
The problem in this case is that this second hearing was ill-timed. It occurred before the circuit court acted on the Department's motion for clarification.[2] Motions for rehearing and clarification toll the rendition of an appellate order until such motions are either abandoned or resolved by a written order. See Fla. R.App. P. 9.020(i). Florida Rule of Appellate Procedure 9.330(a) provides that a motion for rehearing or clarification may be filed within 15 days of an order or within such other time set by the court. See also Romero v. State, 870 So.2d 816 (Fla.2004). The time limitation on motions for rehearing or clarification in appellate proceedings are not jurisdictional but the better practice is to file the motion within the time limits. See Pavadano, Florida Appellate Practice § 19.5 (2005 Ed). Consequently, the Department's motion for clarification, although filed more than 15 days after the order granting the certiorari petition which quashed the license suspension, effectively lodged jurisdiction in the circuit court until the disposition of the motion.
While the motion was pending in the circuit court, the hearing officer was without jurisdiction to enter a final order on the second hearing. In holding that this was harmless error, in the second petition for certiorari which we are reviewing in this case, it is clear the circuit court applied the incorrect law. An order entered without jurisdiction is a nullity, and cannot be considered harmless error. See Dragomirecky v. Town of Ponce Inlet, 891 So.2d 633 (Fla. 5th DCA 2005); Katz v. NME Hospitals, Inc., 791 So.2d 1127 (Fla. 4th DCA 2000) (holding that even though a non-final appeal was ultimately dismissed, the circuit court was without jurisdiction to enter final judgment while the appeal was pending); Kessler v. City of Naples, 779 So.2d 378 (Fla. 2d DCA 2000) (holding that a final order dismissing a case while non-final appeal was pending was entered without jurisdiction and was a nullity); Sears Termite & Pest Control, Inc. v. Arnold, 743 So.2d 597 (Fla. 1st DCA 1999) (holding that the trial court lacked jurisdiction to enter a final judgment dismissing a complaint against two defendants while a non-final appeal of an order denying temporary injunction was pending). See also MML Dev. Corp. v. Eagle Nat'l Bank of Miami, 597 So.2d 968 (Fla. 5th DCA 1992).
Further, it appears this error was not harmless in the sense that it was not prejudicial. Tynan relied on the correct rule of appellate law at this second hearing in assuming it would be continued. That was the reason she did not enforce the subpoenas regarding persons she thought were essential witnesses, Barfield and Wood. Thus this second hearing contained the same deprivation of due process issues she suffered in the first. This is the primary basis for our issuing the writ and quashing the circuit court's denial of the second petition filed below.
Moreover, it appears that Tynan was attempting to present a defense which had been upheld by a different three judge panel for the Ninth Judicial Circuitthat machine 66-1646 and similar machines were not approved after modifications were made to them. She cites to four Ninth Judicial Circuit cases involving this *997 and similar machines in which the Department failed to prove the machines were properly approved after modifications were made. See State v. Paschal, 11 Fla. L. Weekly Supp. 495a (Fla. 9th Cir.Ct. 2004) (various machines were not approved by Department after they were modified); Marks v. Dept. of Highway Safety & Motor Vehicles, Case No.2004-CA-3827-0 (Fla. 9th Cir.Ct. Oct. 4, 2004), cert. denied, Case No. 5D04-3673 (Fla. 5th DCA 2005) (circuit court quashed suspension finding that Department failed to demonstrate it substantially complied with Florida Rule of Administrative Procedure 11D-8.003 because Department presented no evidence that machine number 66-2912 was not approved since 2001 or 2002 when Paschal found various intoxilyzers, including machine no. 66-2912 were not approved by the Department after they were modified); Mattice v. Dept. of Highway Safety & Motor Vehicles, Case No. 2-004-CA-3644 (Fla. 9th Cir.Ct.2004) (circuit court held that the defendant sufficiently rebutted presumption that FDLE complied with Rule 11D-8.003 where there was no evidence presented by the Department that the machine (66-1676) was not modified and no competent substantial evidence was presented to show that the machine was approved); Guerrero v. Dept. of Highway Safety & Motor Vehicles, Case No.2004-CA-5006 (Fla. 9th Cir.Ct.2005) (circuit court held that there was no evidence presented by the Department that no modifications were made on the breath test machine (66-2712) nor was it approved since 2001 and 2002 after defendant presented evidence that several modifications were made and the machine was not later approved). The cases indicate Tynan may have a substantial challenge to the validity of the breath test, and she should be allowed a full due process hearing to present it.
We note there is an apparent conflict between decisions arising out of the Ninth Judicial Circuit regarding breathalyzer machine 66-1646, which was used to test Tynan, and other machines. Unlike the district courts of appeal, there does not appear to be an en banc procedure for resolving intracircuit conflicts at the circuit court level. However, until confronted with a case raising this issue, it is inappropriate for us to address it.
PETITION GRANTED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] She also objected that the holding of the second hearing came too late, more than 30 days following her request for a formal hearing as required by sections 322.2615(6)(a) and 322.2615(9), Florida Statutes, and presents her argument to this court in this proceeding. This argument is without merit. The times required under the statute were tolled by Tynan's seeking review of the first hearing officer's decision.
[2] There is no indication in the record that the circuit court ever acted upon this motion for clarification.