ON MOTION FOR REHEARING

RAMIREZ, C.J.
Johnny Wade’s Motion for Rehearing is granted to the extent that the opinion dated December 22, 2010, is withdrawn and the attached opinion is substituted in its place.
Johnny Wade appeals his conviction and sentence for robbery and burglary. He complains that the State did not prove that the photographic line-up the victim saw was relevant because no one testified that the photograph which the witness identified was the photograph of him. As Ehrhardt states: “[Pjhotographs, when properly authenticated, are admissible to prove a material fact in the lawsuit.” See Charles W. Ehrhardt, Florida Evidence § 401.2 (2007 ed.). Here, the witness viewed a photographic line-up. She *994 testified that she identified photograph number 3. The State then moved to introduce into evidence the photographic lineup. The court allowed the admission without objection.
We agree with Wade that the line-up is relevant only if that is the photograph of him. The line-up is not relevant to this case unless the officer that prepared the line-up testifies so as to establish the identity of the individual who was actually portrayed in photograph number 3. However, once Wade allowed the line-up into evidence without objection, it became unnecessary for the State to call the police officer who prepared the line-up.
Wade also has raised the issue that the prosecutor repeatedly vouched for the credibility of the witnesses during the opening statement and closing argument, without objection. Because these comments, although improper, were not objected to, the trial court never had the opportunity to sustain them and instruct the jury to disregard them.
Finally, the dissent would deny relief because Wade never filed a timely motion for rehearing, but only filed a motion for rehearing en banc. However, it has long been the policy of this Court to dispose of motions for rehearing en banc on the merits, even when they are not filed with an accompanying motion for rehearing. Our Manual of Internal Operating Procedures provides:
When a motion for rehearing en banc is filed unaccompanied by a motion for rehearing, the motion for rehearing en banc will be treated as to include a motion for rehearing. It will then be ruled upon by the panel with the en banc request to be noted or ruled upon by the court.
In Romero v. State, 870 So.2d 816 (Fla.2004), the Florida Supreme Court cited to our policy with approval and stated:
By treating motions for rehearing en banc as including motions for rehearing, the Third District adheres to the spirit of Florida Rule of Appellate Procedure 9.040(d), which is to “disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.”
Id. at 818. We therefore treat the motion for rehearing en banc as including a motion for rehearing.
For these reasons, we affirm.
SALTER, J., concurs.