NORTHCUTT, Judge.
Dominic Forth’s license to drive was suspended pursuant to section 322.2615(1), Florida Statutes (2011), based on a breath sample that indicated his blood-alcohol content was above the legal limit. Forth requested a formal review of the suspension, which entails a hearing before a hearing officer employed by the Department of Highway Safety and Motor Vehicles. § 322.2615(6). The hearing officer upheld the suspension. Forth sought certiorari review of the hearing officer’s order in the circuit court, §§ 322.2615(14), 322.31, and it quashed the order and remanded for further proceedings. Forth now seeks our second-tier certiorari review and asks us to quash only that portion of the circuit court’s order that remands the case to the hearing officer. We grant the petition on this point.
Forth hired an expert witness to testify on his behalf at the hearing. When the witness was called, the hearing officer sua sponte produced a letter attacking the credibility of the expert, and she placed the letter into evidence herself. Forth objected to the admission of the letter and the action of the hearing officer who, he contended, had departed from her impartial role. The hearing officer noted the objection, but she upheld the suspension of Forth’s license.
On first-tier certiorari review, the circuit court quashed the order, finding that the hearing officer’s actions involving the letter evinced her departure from impartiality. Because the hearing officer was not neutral, Forth was not accorded procedural due process. The court remanded for further proceedings consistent with its opinion. Forth filed a motion for clarification, advising that the Department interpreted the circuit court’s remand for further proceedings as meaning that a new formal hearing under section 322.2615(6) must be held. The circuit court denied Forth’s motion.
Our certiorari review of a circuit court’s review of an administrative decision is limited to determining whether the circuit court afforded due process and whether it applied the correct law. See Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 722-23 (Fla.2012) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995)). In January 2013, when the circuit court ruled on Forth’s petition, this court had already announced its decision in McLaughlin v. Department of Highway Safety & Motor Vehicles, 128 So.3d 815 (Fla. 2d DCA 2012). McLaughlin also involved a challenge to an administrative decision upholding a driver’s license suspension. As we noted, McLaughlin’s suspension period had expired while the matter was being reviewed. The McLaughlin court held that, in such circumstances, we would remand to the circuit court to quash the administrative order but that “no further proceedings [were] necessary on remand because the issue of the validity of the suspension of [the] driver’s license is moot.” Id.
As in McLaughlin, Forth’s license suspension expired while it was under review. Thus the circuit court in this case failed to apply the correct law when it remanded this moot issue to the administrative tribunal. We quash the circuit court’s order to the extent that it remanded the case. We do not disturb the order insofar as it quashed the administrative order.
Petition granted.
ALTENBERND and LaROSE, JJ., Concur.