NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEPARTMENT OF HIGHWAY              )
SAFETY AND MOTOR VEHICLES,         )
                                   )
        Petitioner,                )
                                   )
v.                                 )        Case No. 2D13-4258
                                   )
KEITH GAPUTIS,                     )
                                   )
        Respondent.                )
_____ )

Opinion filed August 8, 2014.

Petition for Writ of Certiorari to the Circuit
Court for the Sixth Judicial Circuit for
Pinellas County; sitting in its appellate
capacity.

Stephen D. Hurm, General Counsel and
Damaris E. Reynolds, Assistant General
Counsel, Department of Highway Safety &
Motor Vehicles, Tallahassee, for Petitioner.

Anne Morris of Isaak Law, PLLC, Tampa,
for Respondent.


LaROSE, Judge.

The Department of Highway Safety & Motor Vehicles seeks certiorari relief from the circuit court's order granting Keith Gaputis's writ of prohibition. We have jurisdiction. See Fla. R. App. P. 9.030(b)(2)(B). We deny the petition.

This case involves a driver's license suspension. See § 322.2615(1), Fla. Stat. (2011). After a formal review hearing, see § 322.2615(6), the Department entered a final order upholding Mr. Gaputis's license suspension. By certiorari petition to the circuit court, Mr. Gaputis challenged the Department's final order. See §§ 322.2615(14), .31. He argued that he had been denied procedural due process in the Department's administrative hearing process. The circuit court agreed, granted the petition, and quashed the Department's final order.

The circuit court did not remand the matter to the Department. However, the Department attempted to proceed with another formal administrative review hearing. Mr. Gaputis then filed a petition for writ of prohibition in the circuit court because his suspension period had expired. The circuit court granted the petition. It found controlling McLaughlin v. Department of Highway Safety & Motor Vehicles, 128 So. 3d 815, 815 (Fla. 2d DCA 2012) (noting that when the Department administratively suspends a driver's license, and the suspension period expires while a matter is under review but the department seeks further formal administrative hearings, the circuit court should quash the administrative order, rather than quash and remand for further proceedings; "no further proceedings are necessary on remand because the issue of the validity of the suspension of [the] driver's license is moot").

The Department now claims, incorrectly, that the circuit court applied the wrong law. As we recently stated in Forth v. Department of Highway Safety & Motor

Vehicles, 39 Fla. L. Weekly D1352 (Fla. 2d DCA June 27, 2014), McLaughlin is the correct applicable law.

Petition denied.

ALTENBERND and KELLY, JJ., Concur.