PER CURIAM.
Petitioner, Department of Highway Safety and Motor Vehicles (“DHSMV”), seeks second-tier certiorari review of a circuit court order granting Herbert Clay’s (“Clay”) first-tier petition for writ of cer-tiorari.[1] The circuit court quashed DHSMV’s administrative order affirming the suspension of Clay’s driver’s license, concluding that the suspension violated the motorist’s due process rights. In so ruling, the circuit court declined to remand *1260 the case to the hearing officer for further proceedings, deeming the remand futile and burdensome. DHSMV argues that the circuit court departed from the essential requirements of law when it ordered the department to reinstate Clay’s license rather than remand the matter to the hearing officer for further proceedings.[2] We agree and grant the petition.
This court has consistently held that when a circuit court quashes an order issued by a hearing officer on due process grounds, the matter is to be remanded to the administrative agency for further proceedings. See, e.g., Dep’t of Highway Safety & Motor Vehicles v. Futch, 142 So.3d 910, 915-16 (Fla. 5th DCA 2014) (concluding that the circuit court misapplied the law when it directed the Department to set aside the suspension and reinstate the motorist’s driver’s license rather than remand the matter for further proceedings); Dep’t of Highway Safety & Motor Vehicles v. Corcoran, 133 So.3d 616, 623 (Fla. 5th DCA 2014) (granting the Department’s petition for certiorari and explaining that remand for a new hearing is required when a subpoenaed breath test operator’s failure to appear is found to have caused a due process violation); Dep’t of Highway Safety & Motor Vehicles v. Icaza, 37 So.3d 309, 312 (Fla. 5th DCA 2010) (“We conclude that the circuit court applied the wrong law when it refused to remand the case to the hearing officer.”); Tynan v. Dep’t of Highway Safety & Motor Vehicles, 909 So.2d 991, 995 (Fla. 5th DCA 2005) (“[H]aving failed to accord Tynan due process in the first hearing, the Department had the right to conduct a hearing which met due process requirements.”); Lillyman v. Dep’t of Highway Safety & Motor Vehicles, 645 So.2d 113, 114 (Fla. 5th DCA 1994) (“When an evi-dentiary error is made in an administrative hearing, the remedy is to remand for further proceedings.”). Because binding precedent provides an opportunity to cure a due process violation, we conclude that the circuit court departed from the essential requirements of law when it failed to remand the case for a new hearing.
Accordingly, we grant the petition for writ of certiorari and quash the order of the circuit court.
PETITION GRANTED.
ORFINGER and BERGER, JJ., concur.
COHEN, J., concurring specially, with opinion.

. We have jurisdiction pursuant to Fla. R. App. P. 9.030(b)(2)(B). See also Art. V, § 4(b)(3), Fla. Const.

. Although the circuit court’s order granting Clay's petition for writ of certiorari effectively reinstated Clay's driver's license, the order did not specifically direct DHSMV to do so. Indeed, such an order would be improper. See Park v. City of West Melbourne, 927 So.2d 5, 9 (Fla. 5th DCA 2006) (“ '[A]fter review by certiorari, an appellate court can only quash the lower court order; it has no authority to direct the lower court to enter contrary orders.' ” (quoting Gulf Oil Realty Co. v. Windhover Ass’n, Inc., 403 So.2d 476, 478 (Fla. 5th DCA 1981))).