DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LACEY FAITH GORDON,**
Petitioner,

v.

**STATE OF FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, DIVISION OF DRIVER LICENSES, BUREAU OF ADMINISTRATIVE REVIEWS,**
Respondent.

No. 4D14-4827

[June 10, 2015]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter Blanc, Meenu Sasser and Lisa Small, Judges; L.T. Case No. 502013CA011969XXXXMB.

Ira D. Karmelin, West Palm Beach, for petitioner.

Stephen D. Hurm and Jason Helfant, Lake Worth, for respondent.

WARNER, J.

Petitioner seeks second tier review of a decision of the circuit court sitting in its appellate capacity. The decision quashed a license suspension by an administrative hearing officer and remanded for a further hearing. We deny relief. Although petitioner's license suspension expired during the pendency of the appellate proceedings, and appellant claims that we should quash the circuit court's order, thus invalidating her license suspension, we disagree, and certify conflict with *McLaughlin v. Department of Highway Safety and Motor Vehicles*, 128 So. 3d 815 (Fla. 2d DCA 2012).

Petitioner was arrested for driving under the influence ("DUI"). She refused to submit to breath testing. She was issued a DUI uniform citation, suspending her driver's license for one year. She timely applied for a formal review hearing to challenge this suspension. At the hearing, the Department of Highway Safety and Motor Vehicles ("the Department") relied on the reports of the arresting officer pursuant to section 322.2615(11), Florida Statutes (2013), including a Refusal Affidavit signed

by the officer and attesting that he was a duly certified law enforcement officer. The petitioner introduced in evidence the arresting officer's original basic training certificate which showed an expiration date in 2006 and then argued that the Department had failed to present evidence that the officer was properly certified, because the original certificate had expired. The hearing officer rejected that claim, relying on the documentary evidence, and approved the license suspension under section 322.2615(1)(a), Florida Statutes (2013).

Petitioner filed a petition for writ of certiorari to the circuit court. That court first quashed the hearing officer's order based upon a series of cases from the circuit which had held that where the suspended driver produced some evidence challenging the officer's certification, the burden shifted to the Department to prove that the officer was currently certified as a law enforcement officer. However, during the pendency of the Department's motion for rehearing, the circuit court receded from prior cases and determined that submission of the law enforcement officer's original certificate by the suspended driver did not shift the burden to the Department to prove that the law enforcement officer was currently certified, where the Refusal Affidavit included the certification of the officer that he was duly certified. *Moya v. Dep't of Highway Safety & Motor Vehicles*, 21 Fla. L. Weekly Supp. 995a (Fla. 15th Cir. Ct. 2014). Consistent with the relief allowed in *Moya,* because the petitioner may have relied on the prior opinions of the circuit, the court determined that petitioner should be entitled to present additional evidence, if she could, to show that the officer was not properly certified. Therefore, it quashed the hearing officer's order and remanded for a hearing at which petitioner could present whatever evidence she had. The opinion placed no burden on the Department to provide additional evidence of the officer's certification.

During the pendency of the Department's motion for rehearing, petitioner's license suspension expired. Petitioner moved the court to quash the hearing officer's order but declare further proceedings moot, pursuant to *McLaughlin.* Thus, the license suspension would be determined to be invalid. The Department objected, noting that the license suspension was not moot because of the additional consequences which follow a license suspension. The circuit court denied rehearing, and this petition was filed.

Our standard of review in second tier certiorari is limited to whether the circuit court afforded procedural due process and whether it applied the correct law. *See City of Deerfield Beach v. Vaillant*, 419 So. 2d 624, 626 (Fla. 1982). Petitioner makes two main arguments. First, she

2

contends the circuit court's remand to allow the submission of evidence that the officer possessed a valid certificate was inappropriate and an unauthorized "second bite of the apple," thus violating her due process rights. However, as to this argument, she misconstrues the circuit court's order. The circuit court correctly found that the Department had submitted sufficient evidence of the officer's certification by relying on the report of the officer in which he attested that he was a duly certified officer. As the hearing officer is permitted by statute to rely on such evidence, the Department carried its initial burden. *See Dep't of Highway Safety & Motor Vehicles v. Mowry*, 794 So. 2d 657, 658 (Fla. 5th DCA 2001); § 322.2615(11), Fla. Stat. (2013). The court held, as a matter of law, that petitioner's submission of the officer's original basic recruit certification (which expired years before) was insufficient to overcome the officer's certification and shift the burden to the Department to offer further proof. The only reason that the court quashed the order and remanded for an additional hearing was to allow petitioner, not respondent, to submit other evidence, if available, to show that the officer was not properly certified. The court did not provide the Department with a second bite at the apple; it allowed the petitioner a second bite. The court did not deny petitioner due process.

Second, she contends that because her license suspension expired during the pendency of the proceedings, when the circuit court quashed the hearing officer's order, the validity of the license suspension became moot, relying on *McLaughlin* and *Forth v. Department of Highway Safety and Motor Vehicles*, 148 So. 3d 781 (Fla. 2d DCA 2014). Therefore, she claims that the circuit court did not apply the correct law in remanding for further proceedings. In *McLaughlin,* the second district quashed a circuit court order denying certiorari relief from an administrative decision upholding a license suspension, based on the supreme court's decision in *Florida Department of Highway Safety and Motor Vehicles v. Hernandez*, 74 So. 3d 1070 (Fla. 2011). *McLaughlin*, 128 So. 3d at 815. It directed the circuit court to quash the administrative order upholding the license suspension. Nevertheless, because the license suspension had expired during appellate review, no further proceedings were necessary on remand other than quashal of the administrative order.

In *Forth*, the circuit court had quashed a hearing officer's order upholding a license suspension because of a due process violation. The circuit court remanded for further proceedings. During the certiorari hearing, the license suspension expired. When Forth sought second tier review, he sought only to quash the remand to the hearing officer for further proceedings. Based upon *McLaughlin,* the Second District granted the petition, concluding that the circuit court had failed to follow the

3

correct law by ordering a new administrative hearing. It quashed the order insofar as the circuit court remanded for further proceedings, but it did not disturb that part of the circuit court's opinion quashing the administrative order holding the suspension valid.

We disagree with the Second District that the validity of the license suspension is moot once the term of the suspension expires. As the Department notes, the license suspension has other consequences. A license suspension remains on a driving record for many years into the future. A future DUI or a refusal to take a breath test would call for consideration of the prior record, and the driver could face longer administrative penalties for each one, as well as prohibitions against issuance of a restricted driver's license. *See*, *e.g.*, §§ 322.2615(8)(a),(b) and 322.271(2)(a), Fla. Stat. (2013). Because of these effects, the matter is not moot.

For the foregoing reasons, we conclude that the circuit court neither denied petitioner due process, nor failed to apply the correct law. We deny the petition.

GROSS and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4