# Third District Court of Appeal

**State of Florida**

Opinion filed December 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1183
Lower Tribunal No. 17-200

_____

**Juan C. Elso,**
Petitioner,

vs.

**State of Florida, Department of Highway Safety
and Motor Vehicles,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Michael A. Hanzman, Alan Fine, and Mark Blumstein, Judges.

Michael Garcia Petit, P.A., and Michael Garcia Petit, for petitioner.

Christie S. Utt, General Counsel, and Mark L. Mason (Tallahassee), Assistant General Counsel, for respondent.

Before SCALES, LUCK, and LINDSEY, JJ.

LINDSEY, J.

Petitioner seeks to have his license suspension quashed in this second-tier certiorari review of a decision of the circuit court sitting in its appellate capacity. The circuit court rejected Petitioner's argument that his license suspension was required to have been quashed and/or invalidated because the Department scheduled a second formal review hearing, after remand from a prior petition filed in the circuit court, more than 30 days after the circuit court rendered its decision in the prior petition. However, because Petitioner did not request a second formal review hearing after remand and, because there is no language in section 322.2615 of the Florida Statutes which requires a second formal review hearing be scheduled within 30 days after remand, we find no error and deny the petition.

## I.    BACKGROUND

On May 9, 2015, Petitioner was arrested and charged with driving under the influence of alcohol. The Florida Department of Highway Safety and Motor Vehicles ("Department") suspended his driver's license for twelve (12) months pursuant to section 322.2615, Florida Statutes (2015), because he refused to submit to a breath alcohol test. Petitioner timely requested a formal review hearing. The first formal review hearing was held in July of 2015. At that hearing, the hearing officer upheld the Department's suspension of Petitioner's license.

2

In August of 2015, Petitioner filed his first petition for writ of certiorari in the circuit court, asserting he was denied due process during the first formal review hearing because the hearing officer refused to recuse herself despite pronouncing Petitioner "very rude" during a telephonic conference and hanging up on him. On January 23, 2017, the circuit court issued an opinion granting the petition, agreeing that Petitioner was denied procedural due process, quashing the hearing officer's order upholding the suspension of Petitioner's license, and remanding the matter back to the Department with instructions that the hearing officer recuse herself. See Juan C. Elso v. State of Fla., Dep't of Highway Safety & Motor Vehicles, 24 Fla. L. Weekly Supp. 788a (Fla. 11th Cir. Ct. Jan. 23, 2017).

Petitioner made no request for a second formal review hearing and the order on remand gave no time frame within which the second formal review hearing was to take place. The Department, however, unilaterally scheduled a second formal review hearing for March 2, 2017 and mailed notice to Petitioner's counsel via U.S. Mail. Neither Petitioner nor his counsel appeared at the hearing. Consequently, the hearing officer once again upheld the suspension of Petitioner's license.

On May 30, 2017, Petitioner filed a second petition for a writ of certiorari in the circuit court contending that because the Department scheduled the second formal hearing for March 2, 2017—which was more than thirty days after the

3

circuit court's January 23, 2017 opinion was rendered—the circuit court was required, pursuant to sections 322.2615(6)(a) and 322.2615(9), Florida Statutes (2017), to quash his license suspension instead of remanding the matter back to the Department for a second formal review hearing. In addition, Petitioner asserted that he was denied due process because he did not receive notice of the March 2nd hearing date. In support of his due process argument, Petitioner and his counsel submitted affidavits attesting that neither received notice of the March 2, 2017 hearing.

On March 26, 2018, another panel of the circuit court issued an opinion specifically rejecting Petitioner's argument that section 322.2615(6)(a) required the Department to schedule a second formal review hearing within thirty days after remand, absent a request from Petitioner. See Juan C. Elso v. State of Fla., Dep't of Highway Safety & Motor Vehicles, 26 Fla. L. Weekly Supp. 87a (Fla. 11th Cir. Ct. Mar. 26, 2018).[1] In so doing, the circuit court found that there is "no statutory language as to the timeline for a formal hearing to be held by the Department upon remand [from a prior petition]." Id. Accordingly, it concluded that the remedy Petitioner sought under section 322.2615(9), i.e., invalidation of his license suspension, was not available absent a renewed or new request by Petitioner. Id.

---

[1] The opinion was signed on March 23, 2018 but not docketed until March 26, 2018. Throughout the briefing in this petition, both dates are used interchangeably by the parties.

However, relying on the two affidavits regarding Petitioner and his counsel's lack of notice for the March 2, 2017 second formal hearing, the circuit court granted the petition on that basis and remanded to the Department to hold a third formal review hearing. The order on remand expressly stated it was remanding "solely to provide Petitioner a formal review hearing before an impartial hearing officer to take place within thirty (30) days of the date of the filing of this Opinion." Id. (citing Tynan v, Dep't of Highway Safety & Motor Vehicles, 909 So. 2d 991, 995 (Fla. 5th DCA 2005) (noting that since the Department failed to afford Petitioner due process, the Department had a right to conduct a hearing which met due process requirements)).[2] It is this March 26, 2018 circuit court opinion that is before us for review in the instant petition.

Petitioner advances two grounds on which he contends the circuit court failed to correctly apply the law: (1) its determination that invalidation of the suspension of his license was not required pursuant to sections 322.2615(6)(a), (9)

[2] Pursuant to the circuit court's March 26, 2018 opinion, the Department rescheduled a third formal review hearing for April 19, 2018, almost two months before the instant petition was filed in this court. Petitioner and his counsel appeared and participated in that hearing and have raised no complaints with respect thereto. In fact, that is the remedy Petitioner and his counsel invited when they submitted affidavits as part of the second petition filed in the circuit court attesting that they did not receive notice of the March 2, 2017 hearing. As a result of the April 19, 2018 hearing, the hearing officer, once again, upheld the suspension of Petitioner's license. Though Petitioner complains in his reply brief that the State's response discussed these events which occurred after the circuit court's decision which is before us in the instant petition, it was Petitioner who first raised these events in his petition. See Petition at pp. 3-5; Reply at p. 4.

based on the Department having scheduled the second review hearing more than thirty days after the first circuit decision was rendered; and, (2) its refusal to vacate or invalidate his license suspension on the basis of mootness because more than two years has passed since the expiration of Petitioner's initial twelve month license suspension. We disagree with both of Petitioner's arguments.

## II.    JURISDICTION

We have jurisdiction to review, on second-tier certiorari, the circuit court's second first-tier certiorari opinion rendered in this matter on March 26, 2018. See § 35.04, Fla. Stat. (2018); Fla. R. App. P. 9.030(b)(2)B). As recently set forth in State Dep't of Highway Safety & Motor Vehicles v. Sperberg, the standard of review on second-tier certiorari review of a circuit court's first-tier certiorari review of a judicial/quasi-judicial administrative action is limited to whether the circuit court (1) afforded procedural due process and (2) applied the correct law. 2018 Fla. App. LEXIS 14353*2 (Fla. 3d DCA Oct. 10, 2018) (citing Broward Cty. v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 843-44 (Fla. 2001)). "These two prongs are merely expressions of ways in which the circuit court decision may have departed from the essential requirements of the law." Id. (citing Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)). "This Court must exercise caution not to expand certiorari jurisdiction to review the correctness of the circuit court's

6

decision." Id. (citing Futch v. Fla. Dep't of Highway Safety & Motor Vehs, 189 So. 3d 131, 132 (Fla. 2016)).

We further explained in Sperberg that "'[f]irst-tier' certiorari review at the circuit court level, a review as a matter of right and pursuant to Florida Rules of Appellate Procedure 9.030(c)(3) and 9.100, is a three-pronged review whereby the circuit court must determine: (1) whether procedural due process is accorded, (2) whether the essential requirements of the law have been observed, and (3) whether the administrative findings and judgment are supported by competent substantial evidence." Id. (citing City of Deerfield Beach v. Vaillant, 419 So. 2d 624, 626 (Fla. 1982)).

## III. ANALYSIS

"Where the issue before the circuit court involves statutory construction, a writ of certiorari may be appropriate where the circuit court does not apply the plain and unambiguous language of the relevant statute, resulting in an egregious error." DMB Inv. Tr. v. Islamorada, Vill. of Islands, 225 So. 3d 312, 316 (Fla. 3d DCA 2017) (citing Nader v. Florida Dept. of Highway Safety & Motor Vehicles, 87 So. 3d 712, 723 (Fla. 2012)). However, Florida courts are "without power to construe an unambiguous statute in a way which would extend, modify or limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power." City of Homestead v. McDonough, 232 So. 3d

1069, 1072 (Fla. 3d DCA 2017) (emphasis omitted) (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984)).

Section 322.2615(6)(a) provides that "[i]f a person whose license was suspended requests a formal review, the department must schedule a hearing within 30 days after such request is received by the department and must notify the person of the date, time, and place of the hearing." § 322.2615(6)(a). However, we agree with the circuit court's finding that nothing in the language of Section 322.2615 sets forth a specific period of time within which the Department is required to schedule a formal hearing upon remand. The only statutory trigger outlined in section 322.2615(6)(a) that requires the Department to schedule a formal hearing within a thirty-day time frame is when "the person whose license was suspended *requests a formal review*." § 322.2615(6)(a) (emphasis added).

Here, it is undisputed that Petitioner made no request for a second formal review hearing after remand. As such, we find the circuit court's application of section 322.2615(6)(a) in Petitioner's first-tier certiorari petition consistent with the plain language of the statute. Thus, because Petitioner made no request for a second or renewed formal review hearing after remand, the remedy Petitioner sought under section 322.2615(9), i.e., invalidation of his license suspension, was not available.

Further, we find no error in the circuit court's review and acceptance of Petitioner and his counsel's position, supported by affidavits, that they did not receive notice of the March 2, 2018 hearing. As a consequence of Petitioner's failure to appear at the March 2nd hearing, the hearing officer once again upheld the Department's suspension of his license. This was error. However, as the circuit court correctly found, the remedy is remand, not quashal of the license suspension. See Department of Highway Safety & Motor Vehicles v. Chamizo, 753 So. 2d 749 (Fla. 3d DCA 2000) ("Where the hearing officer makes a harmful trial error, the remedy is to send the matter back for a new hearing."); see also Dep't of Highway Safety & Motor Vehicles v. Clay, 152 So. 3d 1259 (Fla. 5th DCA 2014) ("This court has consistently held that when a circuit court quashes an order issued by a hearing officer on due process grounds, the matter is to be remanded to the administrative agency for further proceedings.").

Finally, Petitioner argues because the twelve month term of his license suspension by the Department expired while this matter was under review, the circuit court failed to apply the correct law when it remanded the matter back to the Department for a third formal review hearing rather than quash and/or invalidate his license suspension on the basis that the suspension is now moot. We disagree with Petitioner's argument on this point and agree with the Fourth

9

District's holding and reasoning in <u>Gordon v. Fla Dept. of Highway Safety & Motor Vehicles</u>, 166 So. 3d 902 (Fla. 4th DCA 2015).

**CONCLUSION**

For the reasons set forth above, the circuit court correctly applied section 322.2615 in determining that Petitioner's license suspension was not required to be invalidated thereunder. The fact that Petitioner's license suspension expired during the appellate review process does not require quashal of the suspension.

Petition denied.