DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES,**
Petitioner,

v.

**TODD EDWARD DAVIS,**
Respondent.

No. 4D18-2772

[February 13, 2019]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Ted Booras, and Edward Artau, Judges; L.T. Case No. 2017-CA-011092.

Christie S. Utt, General Counsel, and Mark L. Mason, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for petitioner.

Louis C. Arslanian of Gold & Associates, P.A., Hollywood, for respondent.

PER CURIAM.

The Florida Department of Highway Safety and Motor Vehicles (the Department) petitions for second-tier certiorari review of the circuit court's order granting Respondent Todd Davis's petition for certiorari and quashing the hearing officer's order affirming Respondent's license suspension. As set forth below, we grant the Department's petition.

**Background**

In May 2017, police officers responded to a complaint that an SUV had crashed into plant pots lining the front yard of a residential property. An officer approached the vehicle and found Respondent slumped over the steering wheel, unresponsive and smelling strongly of alcohol. Fearing for Respondent's safety, the officer requested emergency transport to the hospital.

Respondent regained consciousness at the hospital, and the officer read him *Miranda* warnings and questioned him. Respondent admitted to having five drinks and attempting to drive home. While still at the hospital, the officer asked Respondent if he would consent to a blood draw to determine his blood alcohol content (BAC). *Respondent consented to the blood draw.* Testing indicated that he was unlawfully driving under the influence of alcohol with a 0.412 BAC.

The Department suspended Respondent's license for six months. Respondent challenged the Department's action, and a hearing officer affirmed the suspension, finding the police officer had probable cause to believe that Respondent had an unlawful BAC and was in actual control of the vehicle.

Respondent petitioned the circuit court for certiorari review, insisting that the gravamen of the case was whether the officer informed him that he could refuse a blood draw pursuant to section 316.1932(1)(c), Florida Statutes (2016) (the "implied consent law"). The two-judge majority of the circuit court appellate panel granted the petition and quashed Respondent's license suspension. The circuit court acknowledged our opinion in *State v. Dubiel*, 958 So. 2d 486 (Fla. 4th DCA 2007), wherein we held that a law enforcement officer is not required to advise a suspect of the consequences of failure to consent to a blood draw when the blood draw is legislatively authorized. However, the circuit court relied on our earlier opinion, *Chu v. State*, 521 So. 2d 330 (Fla. 4th DCA 1988), for the proposition that the blood draw at issue was not legislatively authorized under Florida's implied consent law because nothing in the record suggested that a breath or urine test was impossible or impractical. Judge Artau dissented on the basis that *Dubiel*, and not *Chu*, controls here.

The Department now petitions this court for second-tier certiorari review, arguing that the circuit court erred by substituting its own findings of fact for those of the hearing officer and because it failed to apply the correct precedent.

## Analysis

Our review of a circuit court's decision in its appellate capacity is limited to whether the circuit court afforded the parties procedural due process and whether it applied the correct law. *Gordon v. Fla. Dep't of Highway Safety & Motor Vehicles*, 166 So. 3d 902, 904 (Fla. 4th DCA 2015).

Florida's implied consent law states, in pertinent part:

> Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state is, by operating such vehicle, deemed to have given his or her consent to submit to an approved blood test for the purpose of determining the alcoholic content of the blood or a blood test for the purpose of determining the alcoholic content of the blood . . . as provided in this section if there is reasonable cause to believe the person was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages . . . and the person appears for treatment at a hospital, clinic, or other medical facility and the administration of a breath or urine test is impractical or impossible.

§ 316.1932(1)(c), Fla. Stat. (2016).

In *Dubiel*, we held that a blood draw is legislatively authorized when a suspect is in a hospital and voluntarily consents. 958 So. 2d at 488. In that setting, an officer is not required to advise a suspect of the consequences of refusal. *Id.* We distinguished *Dubiel* from our opinion in *Chu* by explaining "the two cases are factually different, as Dubiel was in the hospital when the blood [draw] was requested. The blood test in *Chu* [which involved a blood draw and test administered outside of a hospital or other medical facility] was not legislatively authorized, whereas the blood test [in *Dubiel*] was." *Id.* Here, like the defendant in *Dubiel*, Respondent was in the hospital when the officer requested a blood draw and Respondent voluntarily consented. Because *Dubiel* is controlling precedent, the circuit court failed to properly construe the implied consent law in reaching the decision to quash the hearing officer's order.

We recently reiterated that the implied consent law does not apply when a suspect voluntarily consents to a blood draw while in a hospital. *State v. Meyers*, 43 Fla. L. Weekly D2647 (Fla. 4th DCA Nov. 28, 2018). In such a case, the impracticality of a breath or urine test is not a necessary precondition for obtaining a blood draw. *Id.* ("The Florida Supreme Court has explained . . . that if a defendant expressly consents to a blood test, 'then the blood test falls wholly outside the scope of the implied consent law.'") (quoting *Robertson v. State*, 604 So. 2d 783, 790 (Fla. 1992)).

**Conclusion**

Accordingly, we grant the Department's petition for writ of certiorari and quash the circuit court's order. This case is remanded to the circuit court for action consistent with this opinion.

*Petition granted.*

GERBER, C.J., DAMOORGIAN and FORST, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**